J-S62006-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| WILLIAM R. PERKINS, | |
| Appellant | No. 806 EDA 2014 |

Appeal from the PCRA Order entered February 7, 2014,
in the Court of Common Pleas of Montgomery County,
Criminal Division, at No(s): CP-46-CR-0007355-2010
& CP-46-CR-0003367-2011

BEFORE:  ALLEN, OLSON, and OTT, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED OCTOBER 06, 2014**

William R. Perkins ("Appellant") appeals from the order denying his petition for relief under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. sections 9541-46.  We affirm.

The PCRA court summarized the pertinent facts and procedural history as follows:

> On November 1, 2012, Appellant entered an open guilty plea before this Court to two (2) counts of Criminal Conspiracy to Commit Burglary, 18 Pa.C.S.A. § 903(a)(1), both felonies of the first degree, and one (1) count of Accidents involving Damage to Attended Vehicle, 75 Pa.C.S.A. § 3743(a), a misdemeanor of the third degree. The Commonwealth, in return, agreed to *nolle pros* over two hundred additional charges.  As part of the guilty plea, Appellant admitted that he entered into an agreement with another man, John Wilson, to engage in burglaries that involved entering the homes of elderly residents without permission in order to take property that did not belong to [them].  Appellant admitted that he was the driver for

thirty-five burglaries committed with Wilson in Montgomery County.

A sentencing hearing was held before this Court on March 5, 2013. Appellant was sentenced to an aggregate sentence of not less than ten (10) years and not more than twenty (20) years. During pre-trial, guilty plea, and sentencing proceedings, Appellant was represented by [trial counsel].

Appellant filed a direct appeal, which was discontinued on May 3, 2013. [New counsel] represented Appellant during post-trial appellate proceedings.

On August 6, 2013, Appellant filed a *pro se* [PCRA petition], and this Court appointed [PCRA counsel] to represent him. PCRA counsel filed an amended petition asserting Appellant's guilty plea: (1) was neither knowing nor intelligent as a result of his alleged physical and mental impairments and the side effects of medications; and (2) resulted from the alleged ineffective assistance of trial counsel.

On February 7, 2014, this Court held an evidentiary hearing on Appellant's PCRA Petition in which Appellant and former trial counsel testified. After hearing, and upon review of the record, this Court determined that Appellant failed to plead and prove that he was entitled to relief. The Court issued an Order dismissing Appellant's PCRA Petition that same day.

PCRA Court Opinion, 6/3/14, at 1-2. This timely appeal followed. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant raises the following issues:

A. Did the [PCRA court] err in dismissing [Appellant's PCRA petition], where [Appellant] did not render a knowing, intelligent and voluntary plea due to the effect of his prescribed medications?

B. Did the [PCRA court] err in dismissing [Appellant's PCRA petition], where [Appellant's] trial counsel rendered ineffective assistance by advising [him] that he would

receive a forty (40) to eighty (80) month sentence of imprisonment in exchange for entering open guilty pleas and [Appellant] was thereafter sentenced to ten (10) to twenty (20) years of imprisonment?

Appellant's Brief at 5.

In reviewing the propriety of an order granting or denying PCRA relief, an appellate court is limited to ascertaining whether the record supports the determination of the PCRA court and whether the ruling is free of legal error. ***Commonwealth v. Johnson***, 966 A.2d 523, 532 (Pa. 2009). We pay great deference to the findings of the PCRA court, "but its legal determinations are subject to our plenary review." ***Id.*** Stated differently, "[t]he PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record." ***Commonwealth v. Hernandez***, 79 A.3d 649, 651 (Pa. Super. 2013).

In order to be eligible for relief under the PCRA, a petitioner must plead and prove by a preponderance of the evidence that his conviction or sentence resulted from one or more of the enumerated errors or defects in 42 Pa.C.S.A. section 9543(a)(2), and that the issues he raises have not been previously litigated. ***Commonwealth v. Koehler***, 36 A.3d 121, 131 (Pa. 2012). An issue has been "previously litigated" if "the highest appellate court in which the petitioner could have had review as a matter of right has ruled on the merits of the issue, or if the issue has been raised and decided in a proceeding collaterally attacking the conviction or sentence." ***Koehler***, 36 A.3d at 131-132; 42 Pa.C.S.A. § 9544(a)(2). If a claim has not been

previously litigated, the petitioner must prove that the issue was not waived. An issue will be deemed waived under the PCRA "if the petitioner could have raised it but failed to do so before trial, at trial, during unitary review, on appeal, or in a prior state post[-]conviction proceeding." *Id.* at 132; 42 Pa.C.S.A. § 9544(b).

Finally, one of the errors enumerated in section 9543(a)(2) of the PCRA is a claim of ineffectiveness of counsel. To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *Id.* "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." *Id.* This requires the petitioner to demonstrate that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) petitioner was prejudiced by counsel's act or omission. *Id.* at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* Counsel cannot be deemed ineffective for failing to pursue a meritless claim. ***Commonwealth v. Loner***, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*), *appeal denied*, 852 A.2d 311 (Pa. 2004).

In his first issue, Appellant asserts that the PCRA court erred in determining that, despite the effect of his medications, he entered a voluntary plea. Because Appellant could have raised this claim in his direct appeal, it is waived under the PCRA. *Koehler*, *supra*; *see also Commonwealth v. Berry*, 877 A.2d 479, 482 (Pa. Super. 2004) (*en banc)*. As stated by the PCRA court:

> Appellant's claim that he was under the influence of medications at the open guilty plea hearing is waived because he could have litigated the issue on direct appeal but did not do so. Notably, Appellant does not frame the issue as one of trial counsel ineffectiveness, but simply raises it as a direct challenge to the knowing, voluntary, and intelligent nature of his plea. As such the issue is not cognizable under the PCRA.

PCRA Court Opinion, 6/3/14, at 4-5 (citation omitted).

Even if Appellant has properly framed his claim, the PCRA court concluded that the record refutes his challenge to the validity of his guilty plea. We agree.

When asserting a claim of ineffectiveness of counsel in the context of a guilty plea, a defendant must show that plea counsel's ineffectiveness induced him to enter the plea. *Commonwealth v. Johnson*, 875 A.2d 328, 331 (Pa. Super. 2005). As this Court stated:

> Because a plea of guilty effectively waives all non-jurisdictional defects and defenses, after sentencing, allegations of ineffectiveness of counsel in this context provide a basis for withdrawal of the plea only where there is a causal nexus between counsel's ineffectiveness, if any, and an unknowing or involuntary plea. The guilty plea

hearing becomes *the* significant procedure under scrutiny. The focus of the inquiry is whether the accused was misled or misinformed and acted under that misguided influence when entering the guilty plea.

***Commonwealth v. Flood***, 627 A.2d 1193, 1199 (Pa. Super. 1993) (citations omitted).

Further, this Court summarized:

Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise.

\* \* \*

The long standing rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.

\* \* \*

[A] defendant who elects to plead guilty has a duty to answer questions truthfully. We [cannot] permit a defendant to postpone the final disposition of his case by lying to the court and later alleging that his lies were induced by the prompting of counsel.

***Commonwealth v. Pollard***, 832 A.2d 517, 523-24 (Pa. Super. 2003) (citations omitted).

The PCRA court explained its reasons for concluding that Appellant's guilty plea was valid as follows:

Here, Appellant does not allege a deficiency with regard [the information the trial court gave him before the entry

- 6 -

of his guilty plea]. Appellant also does not allege that he is innocent of the crimes to which he pleaded guilty. Instead, he asserts that his plea was not knowing, voluntary, or intelligent because he was allegedly under the disabling influence of prescription medications. However, Appellant repeatedly stated under oath that the medications he was taking at the time he offered his plea did not affect his ability to understand what he was doing. Thus, Appellant's claim that his guilty plea was "unlawfully induced" is belied by the record.

At his open guilty plea hearing, Appellant repeatedly affirmed that he understood what he was doing and that any medication [he had taken] had not impaired his ability to understand what he was doing[.]

***

Appellant stated numerous times under oath that, while he purportedly was taking medications at the time he offered his open guilty plea, they did not affect his ability to understand what he was doing. He also stated that he was not taking [a drug for AIDS, which could affect his judgment,] at the time he entered his guilty plea. He is bound by his sworn testimony, and it is improper for him to contradict his testimony now and assert that he was unaware of what he was doing when he pleaded guilty.

PCRA Court Opinion, 6/3/14, at 6-7 (citations omitted).

Our review of the open guilty plea hearing supports the PCRA court's conclusion that Appellant repeatedly assured the court that he understood the proceedings despite any prescription medication he had taken. Thus, as found by the PCRA court, Appellant is bound by his statements. *Pollard*, *supra*. Appellant's first issue fails.

Appellant has properly phrased his remaining issue as one in which trial counsel's ineffectiveness in advising him that he would receive a forty to eighty month sentence induced him to enter an invalid plea. Citing the

- 7 -

United States Supreme Court's decision in *Lafler v. Cooper*, 132 S.Ct. 1376 (2012), Appellant first claims that he is entitled to relief because trial counsel allegedly advised him to reject the Commonwealth's offer of a seven to fourteen year sentence, and enter an open plea, resulting in an actual sentence longer than the original offer. In the alternative, Appellant claims he entered his open guilty plea because trial counsel had informed him there was a "deal" made that Appellant would receive only a forty to eighty month sentence.

The PCRA court found that Appellant's reliance upon *Lafler*, *supra*, is misplaced. We agree. As explained by the PCRA court:

> [I]n *Lafler*, the defendant rejected a plea offer on the advice of counsel, *proceeded to trial*, [was convicted], and received a more severe sentence. Notably, *Lafler* went before the U.S. Supreme Court with a stipulation that counsel's performance was deficient when he advised the defendant that he could not be convicted at trial. Here, no such stipulation was before the Court. In addition, Appellant did not [forgo] a plea and proceed to trial. He entered a knowing, voluntary, and intelligent open plea in the hopes that the Court would impose a lighter sentence than the purported plea deal. He repeatedly affirmed during the guilty plea hearing that he understood the possible sentences he faced, that the Court had discretion to sentence him within the sentencing guidelines, or above them, and that he was "throwing [him]self on the mercy of the Court." [N.T. 11/1/12, at 19].

PCRA Court Opinion, 6/3/14, at 8-9.

Once again, our review of the record supports the PCRA court's conclusion. It is undisputed that Appellant did not reject the seven to fourteen years initially offered by the Commonwealth due to the advice of

counsel, but rather because Appellant told counsel that he could not serve that long of a sentence. *See* N.T., 2/7/14, at 4. At the PCRA hearing, trial counsel testified that the strategy accepted by Appellant was to enter an open plea with the "hope and expectation" that Appellant receive "a sentence in the standard range" of the sentencing guidelines by "trying to mitigate the sentence with medical testimony" relating to Appellant's "physical condition." *See id.*, at 33. As noted by the PCRA court, the fact that Appellant received a somewhat longer sentence than previously offered does not equate to the stipulated ineffectiveness that caused the defendant in *Lafler* to reject the proffered plea and proceed to trial. *See*, *e.g.*, *Commonwealth v. Lewis*, 63 A.3d 1274, 1280 (Pa. Super. 2013) (citing U.S. Supreme Court's acknowledgment in *Lafler* that "the ineffective advice led not to an [offer's] acceptance but to its rejection. Having to stand trial, not choosing to waive it, is the prejudice alleged.")

Appellant also argues that his guilty plea is invalid because trial counsel promised him that a "deal" existed by which Appellant would only be sentenced to a forty to eighty month prison term. Once again, our review of the written guilty plea and oral guilty plea transcript refutes Appellant's claim.

At the PCRA hearing, trial counsel unequivocally denied Appellant's assertion. N.T., 2/7/14, at 28. Moreover, Appellant agreed in the written guilty plea colloquy that no promises were made to him, an answer which

Appellant twice affirmed during the oral plea colloquy. *See* N.T., 11/1/12, at 8, 17. At the PCRA hearing, Appellant explained that it was his understanding that, even though a "deal" had been made with the Commonwealth, he was not to relay this fact to the trial court. According to Appellant:

> When you make a guilty plea, you know, whether it be in Philadelphia, and it was a negotiated plea, your response is, no, it is not negotiated and that is - - there was no deals when I was coming up in the system, there was no offer. There was none of this.
>
> So I thought if by telling [the trial court] what [it] wanted to hear that I was going - - being in compliance with what the rules were that I understood. That I'm not supposed to tell you, yeah, I have an agreed deal for 40 to 80 months[.]
>
> ***
>
> I believed there was a plea agreement. I believed the [trial court] told [trial counsel] he was going to give me to [sic] 40 to 80 months. That is what I believed.

N.T., 2/7/14, at 20-21.[1]

When asked by the Commonwealth why at sentencing he did not inform the trial court about the "negotiated" sentence, Appellant testified:

> And the reason I didn't do that is because of the way I was brought up in the system. We didn't do them things. If you had a deal, it was under the table, because they

_____

[1] Appellant was sixty-four years of age at the time of sentencing, and had spent thirty-three of those years in prison. *See* N.T., 3/5/13, at 18.

> didn't present them to the Courts years ago. That is how they did things.

N.T., 2/7/14, at 23. In essence, Appellant asserts that he lied during the plea colloquy. As noted above, such an averment does not entitle him to post-conviction relief. ***Pollard***, ***supra***.

In sum, Appellant's claims are waived and otherwise without merit. We therefore affirm the PCRA court's order denying Appellant post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/6/2014

- 11 -