**COMMONWEALTH of Pennsylvania, Appellee**

v.

**Marcus JOHNSON, Appellant.**

Superior Court of Pennsylvania.

Submitted Feb. 14, 2005.
Filed April 27, 2005.
Reargument Denied June 24, 2005.

Marcus Johnson, appellant, Pro Se.

Hugh J. Burns, Jr., Assistant District Attorney, Philadelphia, for Commonwealth, appellee.

Before: STEVENS, ORIE MELVIN, and JOHNSON, JJ.

STEVENS, J.:

¶ 1 This is an appeal from the order entered by the Court of Common Pleas of Philadelphia County denying Appellant's petition for relief under the Post Conviction Relief Act, 42 Pa.C.S.A. §§ 9541–9546. Appellant contends, *inter alia*, that his guilty plea was the invalid consequence of the trial court's active participation in plea negotiations. We vacate judgment of sentence and remand for further proceedings.

¶ 2 Positively identified by numerous eyewitnesses, Appellant was charged with twelve counts of robbery and one count each of VUFA and criminal conspiracy in connection with a three-month robbery spree of Philadelphia businesses occurring in 1998. On May 8, 2000, Appellant appeared in court with counsel for a scheduled guilty plea. Appellant informed the court, however, that he had no intention of pleading, but only wished to speak with the court regarding his legal options. The court eventually granted Appellant's request for appointment of new counsel and a scheduled trial date.

¶ 3 On August 14, 2000, Appellant and new counsel appeared before the court announcing their readiness for trial, but the court first asked counsel if he had advised Appellant of the Commonwealth's plea offer. N.T. 8/14/00 at 4. Counsel answered that he advised Appellant of the most recent offer, made that morning, of eight to thirty years' imprisonment, to run concurrently to a thirty to seventy year judgment of sentence which had just been entered against Appellant in Delaware County and from which Appellant had pending a direct appeal. Appellant rejected the offer, as he would accept nothing longer than a seven-and-one-half to twenty year sentence, presumably in anticipation of a successful appeal on the other conviction. N.T. 5–6.

¶ 4 Responding to Appellant's counteroffer, the court actively encouraged Appellant to change his mind and plead guilty. Twelve pages of the hearing transcript document the court's persistent advisements, which included the following: that the Commonwealth's function was to protect Appellant's best interest; that the offer on the table was among the best he had ever witnessed as a jurist; that Appellant would be "extremely fortunate" if his other appeal garnered a new trial, let alone arrest of judgment, and that the new trial would likely end in another conviction with the possibility of consecutive sentences instead of the present offer's guarantee of a concurrent sentence; that Appellant was "fortunate to have such a cooperative D.A., he has taken into consideration that sentence in Delaware County"; and that Appellant would only be fifty-eight years old when he completes his thirty year sentence, and life would "go on." The court also criticized Appellant for "squabbling over two more years which has no impact whatsoever in what's going to go on in your life because of the sentence in Delaware County." N.T. 8–17. When Appellant agreed to plead guilty, the court declared "I think you made a wise decision, sir . . . ." N.T. at 21. The court then imposed a sentence of ten to twenty years' imprisonment[1] to run concurrently to his Delaware County sentence.

---

1. Though defense counsel, Appellant, and the court all referred to an offer of eight to thirty years during the hearing that led to Appellant's acceptance, the prosecutor indicated afterwards that the offer included a ten year minimum, not eight year. N.T. at 21. The court immediately reassured Appellant that his sentence would be not one day longer than ten to twenty years, to which no defense objection was made. Id.

¶ 5 On January 16, 2001, Appellant filed a timely first PCRA petition in which he alleged, *inter alia*, that his guilty plea was induced by ineffective assistance of plea counsel. Subsequent to appointment of counsel and the filing of an amended petition, the court notified Appellant of its Notice of Intent to Dismiss for lack of merit pursuant to Pa.R.Crim.P. 907. By order of June 25, 2002, the court dismissed Appellant's PCRA petition.

¶ 6 A series of breakdowns in court operations involving Appellant's appeal led to reinstatement of Appellant's collateral appeal rights and appointment of counsel. Appellant eventually obtained a *Grazier* [2] hearing, however, where the PCRA court granted Appellant's request to proceed *pro se* with this appeal.

¶ 7 Herein, Appellant raises four enumerated challenges to his guilty plea, including the claim that "Trial and PCRA counsel were ineffective for failing to raise the claim that the trial court abused its discretion for participating in the plea negotiations." Brief for Appellant at i. The Commonwealth responds that Appellant waived his ineffectiveness issue when he forewent his opportunity to file a direct appeal and raise the claim therein. We disagree. Under pre-*Grant* [3] waiver rules applicable to this appeal, a PCRA petitioner does not waive an ineffective assistance of trial counsel claim by failing to have filed a direct appeal raising the claim, provided there was no intervening substitution of counsel. *See Commonwealth v. Brown*, 767 A.2d 576 (Pa.Super.2001) (declining to find waiver of ineffectiveness claim from the failure to file a direct appeal, where the PCRA petitioner raised the claim at the first opportunity he was no longer represented by trial counsel). Here, Appellant remained represented by plea counsel from the time of his plea until the time his *pro se* PCRA was filed, making this the first opportunity for him to raise his ineffectiveness claim. We therefore address whether plea counsel was ineffective in failing to object to the trial court's participation in the plea process.

¶ 8 In order to succeed on an ineffective assistance of counsel claim, the petitioner must show: (1) that the claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and(3) that, but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different. *Commonwealth v. Kimball*, 555 Pa. 299, 312, 724 A.2d 326, 333 (1999). In the context of a guilty plea, an appellant must show that plea counsel's ineffectiveness induced him to plea. If the appellant makes such a showing, we deem his plea involuntarily made and will permit its withdrawal. *Commonwealth v. Hickman*, 799 A.2d 136 (2002).

¶ 9 It is settled that a plea entered on the basis of a sentencing agreement in which the judge participates cannot be considered voluntary. *Commonwealth v. Evans*, 434 Pa. 52, 252 A.2d 689 (1969). Indeed, a trial judge is forbidden from participating in any respect in the plea bargaining process pri-

---

2. *Commonwealth v. Grazier*, 552 Pa. 9, 713 A.2d 81 (1998).

3. *Commonwealth v. Grant*, 572 Pa. 48, 813 A.2d 726 (2002), set a new general rule that claims of trial counsel ineffectiveness should be deferred until collateral review. The ruling in *Grant*, however, did not apply to already existing PCRA claimants, who remained subject to previous waiver rules requiring ineffective assistance of trial counsel claims to be raised at the first available opportunity. Appellant's PCRA petition preceded *Grant*, and so he is subject to prior waiver rules.

or to the offering of a guilty plea. "When a judge becomes a participant in plea bargaining he brings to bear the full force and majesty of his office.... The unquestioned pressure placed on the defendant because of the judge's unique role inevitably taints the plea."434 Pa. at 54, 55–56, 252 A.2d 689.

¶ 10 The plea hearing excerpts reprinted above clearly show that the trial court actively persuaded Appellant to accept the plea offer made to him. Moreover, counsel's inaction during this extended negotiation was both unreasonable and prejudicial. We are therefore compelled to declare Appellant's guilty plea involuntarily tendered, and to vacate judgment of sentence and remand for further proceedings.

¶ 11 Given our resolution of Appellant's first claim, we need not address his remaining claims.

¶ 12 Judgment of sentence is vacated and remanded for further proceedings consistent with this decision. Jurisdiction is relinquished.