J-S79015-14

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| COSTON PRATT, | |
| Appellant | No. 3113 EDA 2013 |

Appeal from the PCRA Order entered October 18, 2013,
in the Court of Common Pleas of Philadelphia County,
Criminal Division, at No(s): CP-51-CR-0003519-2011

BEFORE:  ALLEN, OLSON, and STRASSBURGER*, JJ.

MEMORANDUM BY ALLEN, J.:                    **FILED DECEMBER 10, 2014**

Coston Pratt ("Appellant") appeals from the order denying his petition

for relief under the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A.

sections 9541-46.  We affirm.

The PCRA court summarized the pertinent facts and procedural history

as follows:

> On January 3, 2009, there was a burglary at 5847
> Chestnut Street.  A rear shed window was broken out, and
> two flat screen televisions and six high-end, radio-
> controlled cars were taken from the scene.  There was a
> blood stain near the area where some of the evidence was
> gathered.  Detectives took a sample of that blood and
> submitted it to the DNA database.  On August 3, 2010, the
> Pennsylvania State Department of Corrections notified
> detectives that the DNA profile matched [Appellant's].  On
> August 29, 2010, officers obtained a search warrant.  A
> subsequent DNA swab confirmed that the DNA left at the

_____
*Retired Judge assigned to the Superior Court.

scene was a "perfect match" to [Appellant]. [Appellant] was arrested and charged with Burglary [and related offenses].

*** 

On May 10, 2011, [Appellant] entered a negotiated guilty plea. [Appellant] knowingly, intelligently, and voluntarily signed a Written Guilty Plea Colloquy in which he pleaded guilty to one (1) count of Burglary. The remaining charges were nolle prossed. [Appellant] also participated in an oral colloquy. [Appellant] stated that he could read, write, and understand English, that he was not under the influence of drugs or alcohol, and that he was not suffering from mental illness. [He] also indicated that he was satisfied with his attorney. [Appellant] verbally pleaded guilty and was subsequently sentenced to two to four (2-4) years [of] imprisonment, and five (5) years [of] reporting probation. [Appellant] filed a timely Notice of Appeal with the Superior Court. On August 5, 2011, the Superior Court of Pennsylvania discontinued the appeal.

On September 15, 2011, [Appellant] filed a [PCRA] Petition. [The PCRA court appointed counsel, and PCRA counsel] subsequently amended [the PCRA] Petition on December 12, 2012. On August 12, 2013, the Commonwealth of Pennsylvania filed a Motion to Dismiss [Appellant's PCRA] Petition. On October 18, 2013, this Court entered an Order Denying [Appellant's] PCRA Petition[.]

PCRA Court Opinion, 4/9/14, at 1-2 (citations omitted). This timely appeal followed. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant raises the following issue:

1. Whether the PCRA Court erred by denying [Appellant] PCRA relief because the trial court's colloquy and [trial] counsel's representations were clearly deficient and [Appellant's] plea was not knowing, informed or intelligently made.

Appellant's Brief at 3.

In reviewing the propriety of an order granting or denying PCRA relief, an appellate court is limited to ascertaining whether the record supports the determination of the PCRA court and whether the ruling is free of legal error. *Commonwealth v. Johnson*, 966 A.2d 523, 532 (Pa. 2009). We pay great deference to the findings of the PCRA court, "but its legal determinations are subject to our plenary review." *Id.* Moreover, a PCRA court may decline to hold a hearing on the petition if the PCRA court determines that petitioner's claim is patently frivolous and is without a trace of support either in the record or from other evidence. *Commonwealth v. Jordan*, 772 A.2d 1011, 1014 (Pa. Super. 2001). Finally, to be entitled to relief under the PCRA, the petitioner must plead and prove by a preponderance of the evidence that the conviction or sentence arose from one or more of the errors enumerated in section 9543(a)(2) of the PCRA. One such error involves the ineffectiveness of counsel.

To obtain relief under the PCRA premised on a claim that counsel was ineffective, a petitioner must establish by a preponderance of the evidence that counsel's ineffectiveness so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. *Id.* "Generally, counsel's performance is presumed to be constitutionally adequate, and counsel will only be deemed ineffective upon a sufficient showing by the petitioner." *Id.* This requires the petitioner to demonstrate

that: (1) the underlying claim is of arguable merit; (2) counsel had no reasonable strategic basis for his or her action or inaction; and (3) petitioner was prejudiced by counsel's act or omission. *Id.* at 533. A finding of "prejudice" requires the petitioner to show "that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* Counsel cannot be deemed ineffective for failing to pursue a meritless claim. *Commonwealth v. Loner*, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*).

In his sole claim on appeal, Appellant essentially argues that trial counsel's ineffectiveness led him to enter an invalid plea.[1] According to Appellant, trial counsel "was ineffective for having him plead guilty to crimes he did not commit." Appellant's Brief at 7. Appellant asserts that there was no written guilty plea colloquy, and that "neither the trial [court] nor the district attorney set forth the specific elements of the crimes that [he] was pleading to." *Id.* (emphasis removed). He further avers that the "trial court did not recite the maximum penalties for each of the offenses and many of [his] responses were incoherent." *Id.* Appellant therefore requests that we either vacate his conviction and remand so that he can withdraw his guilty

---

[1] To the extent that Appellant presents a direct challenge to the validity of his plea, even though the PCRA court addressed the claim, it is waived under the PCRA because Appellant could have raised it in his direct appeal. *See* 42 Pa.C.S.A. § 9544(b).

plea or, alternatively, that we remand for an evidentiary hearing. ***See*** Appellant's Brief at 7.

When asserting a claim of ineffectiveness of counsel in the context of a guilty plea, a defendant must show that plea counsel's ineffectiveness induced him to enter the plea. ***Commonwealth v. Johnson***, 875 A.2d 328, 331 (Pa. Super. 2005). This Court stated:

> Because a plea of guilty effectively waives all non-jurisdictional defects and defenses, after sentencing, allegations of ineffectiveness of counsel in this context provide a basis for withdrawal of the plea only where there is a causal nexus between counsel's ineffectiveness, if any, and an unknowing or involuntary plea. The guilty plea hearing becomes ***the*** significant procedure under scrutiny. The focus of the inquiry is whether the accused was misled or misinformed and acted under that misguided influence when entering the guilty plea.

***Commonwealth v. Flood***, 627 A.2d 1193, 1199 (Pa. Super. 1993) (citations omitted).

Further, this Court summarized:

> Our law presumes that a defendant who enters a guilty plea was aware of what he was doing. He bears the burden of proving otherwise.
>
> \*　　\*　　\*
>
> The long standing rule of Pennsylvania law is that a defendant may not challenge his guilty plea by asserting that he lied while under oath, even if he avers that counsel induced the lies. A person who elects to plead guilty is bound by the statements he makes in open court while under oath and may not later assert grounds for withdrawing the plea which contradict the statements he made at his plea colloquy.

\*        \*        \*

> [A] defendant who elects to plead guilty has a duty to answer questions truthfully. We [cannot] permit a defendant to postpone the final disposition of his case by lying to the court and later alleging that his lies were induced by the prompting of counsel.

*Commonwealth v. Pollard*, 832 A.2d 517, 523-24 (Pa. Super. 2003)

(citations omitted).

The PCRA court found no merit to Appellant's claim, and explained:

> [Appellant's] claim that counsel was ineffective relies heavily on the assertion that no written guilty plea colloquy was completed. However, this is not the case. The record contains a Written Guilty Plea Colloquy, completed by [Appellant] and [trial] counsel on May 10, 2011. By completing the written colloquy with his counsel, [Appellant] represented that he had not been promised anything beyond a recommendation of a sentence of not more than two (2) to four (4) years plus five (5) years [of] reporting probation. [Appellant] also represented in the written colloquy that he was aware of the maximum penalty he may receive, the trial rights he was giving up, and that he was satisfied with [trial counsel].

> The record further indicates that [trial] counsel actively participated in the oral colloquy. [Trial counsel] identified herself as [Appellant's] attorney, clarified facts as they were summarized, and stated that by law, [Appellant's] sentence would run concurrently. Nothing in [trial] counsel's active participation in both the written and oral colloquy supports an allegation that counsel's steps were so unreasonable that no competent lawyer would have taken them.

PCRA Court Opinion, 4/9/14, at 5 (citations omitted).

Our review of the record supports the PCRA court's conclusions. Appellant's answers to the court's questions during the oral plea colloquy, as well as those provided in the written colloquy, contradict Appellant's claims in his amended PCRA petition. Thus, his ineffectiveness claim fails. **See Pollard**, **supra**. Additionally, given this conclusion, the PCRA court did not err in dismissing Appellant's PCRA petition without first holding an evidentiary hearing. **See Jordan**, **supra**.

Based on the foregoing, we affirm the PCRA court's order denying Appellant post-conviction relief.

Order affirmed.

Judgment Entered.

_____
Joseph D. Seletyn, Esq.
Prothonotary

Date: 12/10/2014