J-S94030-16

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| v. | |
| ISAAC HINERMAN | |
| Appellant | No. 1258 MDA 2016 |

Appeal from the PCRA Order entered July 12, 2016,
in the Court of Common Pleas of Lebanon County,
Criminal Division, at No(s): CP-38-CR-0000930-2013
& CP-38-CR-0000965-2012.

BEFORE:  LAZARUS, RANSOM, and FITZGERALD,* JJ.

MEMORANDUM BY RANSOM, J.:                    **FILED MARCH 01, 2017**

Appellant, Isaac Hinerman, appeals from the July 12, 2016 order

denying his petition for relief filed pursuant to the Post Conviction Relief Act

(PCRA), 42 Pa.C.S. §§ 9541-9546.  We affirm.

The PCRA court summarized the pertinent facts and procedural history

as follows:

> Under docket number CP-38-CR-965-2012, [Appellant] was
> charged on August 1, 2012[,] with one count of Indecent
> Assault, two counts of Simple Assault, and the summary offense
> of Harassment.  Around the end of December, 2012, [Appellant]
> was struck by a motor vehicle as he was walking alongside a
> road.  [He] experienced serious injuries as a result of being
> struck by the vehicle and was in a coma for some time.
> [Appellant's] original, privately retained counsel had
> contemplated requesting a mental health evaluation of
> [Appellant] before proceeding with [Appellant's] criminal case,

*Former Justice specially assigned to the Superior Court.

due to [Appellant's] injuries. Thereafter, [Appellant's] privately-retained counsel withdrew his appearance and [Appellant] sought court[-]appointed counsel.

The court appointed [trial counsel]. Trial counsel determined through his interactions with [Appellant] to forgo a mental health evaluation. A jury trial was held on July 8, 2013[,] on action CR-956-2012, where the Jury found [Appellant] guilty of Indecent Assault. On July 10, 2012, [Appellant] [pleaded] guilty to both Simple Assault charges and the summary offense.

Under docket number CP-38-CR-930-2013, [Appellant] was charged on July 19, 2013, with one count of Robbery. [He] [pleaded] guilty to the Robbery charge on September 26, 2013. [Appellant] was sentenced on all charges, under both [docket] numbers, on October 30, 2013. On [docket] number CR-965-2012, [Appellant] was sentenced to 1-2 years in the state correctional institution and on [docket] number CR-930-2013, [Appellant] was sentenced to [a consecutive] 8-20 years in the state correctional institution. [Appellant] appealed to the Superior Court, where the Superior Court affirmed [Appellant's] sentence on February 24, 2015.

PCRA Court Opinion, 7/12/16, at 1-2 (citations and footnotes omitted).

On January 26, 2016, Appellant *pro se* timely filed a PCRA petition in which he claimed that trial counsel was ineffective for failing to order a mental evaluation for him. The Commonwealth filed its response on February 16, 2016. The PCRA court appointed counsel, and PCRA counsel filed an amended petition on April 27, 2016. The PCRA court held an evidentiary hearing on May 20, 2016, at which both Appellant and trial counsel testified, and it took the matter under advisement. By opinion and order entered July 12, 2016, the PCRA court denied Appellant's PCRA petition.

Appellant timely appealed. Both Appellant and the PCRA court have complied with Pa.R.A.P. 1925.

Appellant raises the following issues:

1. Whether Trial/Plea Counsel was ineffective for failing to request a mental health evaluation despite Appellant having suffered brain trauma, resulting from a serious vehicle accident, which left Appellant comatose for months, and ultimately left Appellant with a significantly impaired ability to assist in his own defense?

2. Whether Appellant was denied his constitutionally guaranteed right to due process when Appellant avers that his plea was involuntarily, unknowingly, and/or unintelligently made because Appellant suffered brain trauma, which ultimately left Appellant with a significantly impaired ability to appreciate the terms and ramifications of pleading guilty; and there was no factual basis established for Appellant to plead guilty to Robbery as no items were taken, where "theft" is the first element of Robbery to be proven?

Appellant's Brief at 4.

This Court has recently reiterated:

On appeal from the denial of PCRA relief, our standard and scope of review is limited to determining whether the PCRA court's findings are supported by the record and without legal error. Our scope of review is limited to the findings of the PCRA court and the evidence of record, viewed in the light most favorable to the prevailing party at the PCRA court level. The PCRA court's credibility determinations, when supported by the record, are binding on this Court. However, this Court applies a *de novo* standard of review to the PCRA court's legal conclusions.

***Commonwealth v. Medina***, 92 A.3d 1210, 1214-15 (Pa. Super. 2014) (citations omitted).

Because Appellant's claim challenges the stewardship of prior counsel, we apply the following principles. The law presumes counsel has rendered

- 3 -

effective assistance. ***Commonwealth v. Rivera***, 10 A.3d 1276, 1279 (Pa. Super. 2010). The burden of demonstrating in effectiveness rests on Appellant. ***Id.*** To satisfy this burden, Appellant must plead and prove by a preponderance of the evidence that: "(1) his underlying claim is of arguable merit; (2) the particular course of conduct pursued by counsel did not have some reasonable basis designed to effectuate his interests; and, (3) but for counsel's ineffectiveness, there is a reasonably probability that the outcome of the challenged proceedings would have been different." ***Commonwealth v. Fulton***, 830 A.2d 567, 572 (Pa. 2003). Failure to satisfy any prong of the test will result in rejection of the appellant's ineffective assistance of counsel claim. ***Commonwealth v. Jones***, 811 A.2d 994, 1002 (Pa. 2002). Counsel cannot be deemed ineffective for failing to pursue a meritless claim. ***Commonwealth v. Loner***, 836 A.2d 125, 132 (Pa. Super. 2003) (*en banc*).

"Because a plea of guilty effectively waives all non-jurisdictional defects and defenses, after sentencing, allegations of ineffectiveness in this context provide a basis for withdraw of the plea only where there is a causal nexus between counsel's ineffectiveness, if any, and an unknowing or involuntary plea." ***Commonwealth v. Flood***, 627 A.2d 1193, 1199 (Pa. Super. 1993) (citations omitted). Stated differently, when asserting a claim of ineffectiveness of counsel in the context of a guilty plea, a defendant must show that plea counsel's ineffectiveness caused him to enter the plea. ***Commonwealth v. Johnson***, 875 A.2d 328, 331 (Pa. Super. 2005).

Appellant first claims that trial counsel was ineffective for failing to have his mental state evaluated prior to his trial and/or plea. According to Appellant, as a result of the injuries he suffered in the car accident, he was

unable to adequately aid in his defense, and, as a result, his guilty plea was not valid.

Following a review of Appellant's PCRA petition, in conjunction with the testimony presented at the evidentiary hearing, the PCRA court concluded that Appellant had failed to prove his ineffectiveness claim. The PCRA court reasoned:

> Under the first prong of the three-prong test, the petitioner must show that the underlying claim would have arguable merit. [Appellant] here has failed to prove by a preponderance of the evidence that his underlying claims would have arguable merit. In fact, at the PCRA hearing, [Appellant] and trial counsel stated that [Appellant] admitted to committing both Simple Assault charges. Furthermore, trial counsel testified that [Appellant] intended/wanted to commit the Robbery so that [he] would be incarcerated, in order to provide him with food and shelter, [testimony] which [Appellant] did not contest at the hearing.
>
> ***
>
> There is no evidence presented at the PCRA hearing that [Appellant's] underlying claims have arguable merit. If anything, the elicited testimony indicates the opposite.
>
> In addition, even assuming that [Appellant] could prove the first two prongs of the test for ineffective assistance of counsel, [he] has not proven by a preponderance of the evidence that he has suffered prejudice[.] [Appellant] alleges that trial counsel's failure to order a mental health evaluation was ineffective assistance[,] but [he] has not proven that there is a reasonable probability that there would be a different result had the mental health evaluation been ordered.

PCRA Court Opinion, 7/12/16, at 9-10 (citations omitted).

The PCRA court then cited the pertinent statutory authority regarding the competency of a criminal defendant:

**§ 7402. Incompetence to proceed on criminal charges and lack of criminal responsibility as a defense**

> **(a)  Definition of Incompetency.**—Whenever a person who has been charged with a crime is found to be substantially unable to understand the nature or object of the proceedings against him or to participate and assist in his defense, he shall be deemed incompetent to be tried, convicted or sentenced so long as such incapacity continues.

50 P.S. § 7402.  The PCRA court concluded:

> There was testimony at the hearing stating that [Appellant] knew and [understood] the charges he was facing at the time of representation, and that his responses to questions being asked of him during trial preparation and at trial were on point. Furthermore, ample testimony was provided that trial counsel and [Appellant] met numerous times in preparation for trial and entering the guilty pleas.  It cannot be said that trial counsel's decision to forgo a mental health evaluation where [Appellant] received some brain trauma from an accident, but was able to assist in his own defense and understand his actions, was ineffective assistance of counsel.

PCRA Court Opinion, 7/12/16, at 10.

The PCRA court credited the testimony of counsel over the testimony and other allegations made by Appellant at the PCRA hearing.  Our review of the record supports the PCRA court's conclusions, which we will not disturb on appeal.  **Medina**, **supra**.  In particular, we note that counsel's testimony established that Appellant was able to consult with counsel and exhibited a rational and factual understanding of the proceedings.  **See, e.g.**, **Commonwealth v. Watkins**, 108 A.3d 692, 703 (Pa. 2014) (explaining that the relevant question when determining whether a defendant is competent to stand trial is whether he or she has sufficient ability to consult with counsel with a reasonable degree of rational understanding and to have

- 6 -

a rational as well as a factual understanding of the proceedings). Accordingly, Appellant failed to establish that his underlying claim had arguable merit. *See Fulton*, 830 A.2d at 572; *see also Commonwealth v. Rainey*, 928 A.2d 215, 236-37 (Pa. 2007) (concluding that the defendant failed to present sufficient evidence to establish counsel was ineffective for failing to pursue a competency hearing). Thus, he is entitled to no relief. *Loner*, 836 A.2d at 132.

In his remaining claim, Appellant directly challenges the validity of his guilty pleas. According to Appellant, his pleas were invalid, as the trauma he suffered ultimately left him significantly impaired and unable to knowingly and intelligently enter a plea. Appellant further suggests that his plea to robbery lacked a proper factual predicate.

This claim is waived, as it could have been presented on direct appeal. *See* 42 Pa.C.S. § 9544(b). Absent waiver, we reiterate that Appellant failed to establish the need for a mental evaluation. To the extent he asserts that his guilty plea to robbery is invalid because he did not steal anything, *see* Appellant's Brief at 21-22, his position is contradicted by the plain language of the robbery statute. *See* 18 Pa.C.S. § 3701(a)(2) (providing that "[a]n act shall be deemed 'in the course of committing a theft' if it occurs in an attempt to commit theft or in flight after the attempt or commission."); *see also Commonwealth v. Sanchez*, 36 A.3d 24, 41-42 (Pa. 2011) (holding that proof of an attempted theft is sufficient to establish the "in the course of committing a theft" element of robbery).

In sum, because the PCRA court correctly determined that Appellant failed to establish his ineffectiveness of counsel claim, we affirm its order denying post-conviction relief.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/1/2017