J-A30032-18

NON-PRECEDENTIAL DECISION – SEE SUPERIOR COURT I.O.P 65.37

COMMONWEALTH OF PENNSYLVANIA    :    IN THE SUPERIOR COURT OF
                                   :           PENNSYLVANIA
           Appellee            :
                                     :
               v.                   :
                                     :
MATTHEW GEIS                   :
                                     :
          Appellant           :        No. 673 WDA 2017

Appeal from the Judgment of Sentence March 7, 2017
in the Court of Common Pleas of Allegheny County
Criminal Division at No(s): CP-02-SA-0000852-2016

BEFORE: SHOGAN, J., KUNSELMAN, J. and STRASSBURGER, J.*

MEMORANDUM BY STRASSBURGER, J.:          FILED MARCH 19, 2019

Matthew Geis (Appellant) appeals from the March 7, 2017 judgment of sentence imposing 60 days of house arrest with work release and a $500 fine plus costs, after he pleaded guilty to driving while operating privilege is suspended or revoked. Upon review, we vacate his judgment of sentence and remand for further proceedings.

Appellant was convicted of the aforementioned crime in the magisterial district court and timely appealed for a trial de novo in the Court of Common Pleas of Allegheny County. At the de novo hearing on March 7, 2017, Appellant, represented by Attorney James Crosby, pleaded guilty. That same day, the trial court sentenced him as stated. Appellant timely filed pro se a notice of appeal on April 5, 2017.[1] Appellant complied pro se with the trial

---

[1] Appellant appears to have been abandoned by counsel, as there is no indication in the record that Attorney Crosby sought or was granted leave to

\* Retired Senior Judge assigned to the Superior Court.

court's order to file a Pa.R.A.P. 1925(b) statement. The trial court docketed a Rule 1925(a) opinion on June 26, 2017, finding Appellant's issues waived for failure to comply with the Pennsylvania Rules of Appellate Procedure. Appellant then obtained private counsel, who sought application with this Court to remand the record to the trial court to allow the filing nunc pro tunc of a supplemental Rule 1925(b) statement. This Court so ordered, Appellant complied, and on April 3, 2018, the trial court filed an opinion addressing the issues raised in the supplemental statement.

On appeal, Appellant raises three challenges to his guilty plea,[2] including the claim that "trial counsel gave ineffective assistance for advising Appellant to plead guilty when the plea was not voluntarily entered because Appellant was told by both the trial court and trial counsel that he would go to jail if he

withdraw as counsel. This Court granted Appellant's application for leave to proceed in forma pauperis by order dated May 16, 2017. For reasons that are unclear, this order was docketed with this Court at 49 WDM 2017.

[2] Appellant's brief raises four issues, but his counsel stated at oral argument on December 5, 2018, that Appellant withdraws the first issue raised therein. See Appellant's Brief at 5 ("Whether the trial court erred in ruling that the police had valid reason to stop Appellant's mother's car which Appellant was driving."). Appellant was "expressly allowed at bar at the time of the argument" to file a post-submission letter confirming same, which this Court received on December 7, 2018. See Pa.R.A.P. 2501(a) ("After the argument of a case has been concluded or the case has been submitted, no brief, memorandum or letter relating to the case shall be presented or submitted, either directly or indirectly, to the court or any judge thereof, except upon application or when expressly allowed at bar at the time of the argument."); Letter, 12/7/2018, at 2.

did not plead guilty, but if he pleaded guilty, he would receive house arrest." Appellant's Brief at 5.

The Commonwealth responds, inter alia, by agreeing that Appellant's guilty plea was not entered voluntarily and recognizing that Appellant should be "allowed to withdraw his plea and proceed with a suppression hearing and new trial." Commonwealth's Brief at 17; see also id. at 12-17.

Appellant raises a claim of ineffectiveness of trial counsel. Absent certain circumstances, "claims of ineffective assistance of counsel are to be deferred to [Post Conviction Relief Act (PCRA), 42 Pa.C.S. §§ 9541-9546] review; ... such claims should not be reviewed upon direct appeal." Commonwealth v. Holmes, 79 A.3d 562, 576 (Pa. 2013) (footnote omitted). However, there are three exceptions to the general deferral rule.

> The first exception, ... affords trial courts discretion to entertain ineffectiveness claims in extraordinary circumstances where a discrete claim of trial counsel ineffectiveness is apparent from the record and meritorious to the extent that immediate consideration best serves the interests of justice. The second exception ... gives trial courts discretion to address ineffectiveness claims on post-sentence motions and direct appeal if there is good cause shown and the defendant knowingly and expressly waives his entitlement to seek subsequent PCRA review of his conviction and sentence.

Commonwealth v. Delgros, 183 A.3d 352, 360 (Pa. 2018) (citations omitted). The third exception, which was adopted by our Supreme Court in Delgros, requires "trial courts to address claims challenging trial counsel's performance where the defendant is statutorily precluded from obtaining subsequent PCRA review." Id. at 361.

Instantly, Appellant falls within the third exception.[3] The PCRA requires a petitioner to be "currently serving a sentence of imprisonment, probation or parole for the crime" at the time relief is granted. 42 Pa.C.S. § 9543(a)(1)(i). Appellant is precluded statutorily from obtaining subsequent PCRA review; he can never satisfy subsection 9543(a)(1) of the PCRA because he was only sentenced to house arrest and to pay a fine. See Delgros, 183 A.3d at 361; see also 42 Pa.C.S. § 9802 (defining county intermediate punishment program as a "residential or nonresidential program provided in a community for eligible offenders"); 42 Pa.C.S. § 9721(a) (listing county intermediate punishment, e.g., house arrest, as punishment separate from imprisonment, probation, or parole); Commonwealth v. Williams, 941 A.2d 14, 24 (Pa. Super. 2008) ("In adopting IPP [intermediate punishment program] as a sentencing alternative, the Legislature's intent was to give judges another sentencing option which would lie between probation and incarceration with respect to sentencing severity; to provide a more appropriate form of punishment/treatment for certain types of non-violent offenders; to make the offender more accountable to the community; and to help reduce the county jail overcrowding problem while maintaining public safety.") (citation and

---

[3] In addition, we note that, following oral argument on December 5, 2018, Appellant submitted to this Court a letter in which he waives his PCRA rights, if any. Letter, 12/7/2018, at 1; see also Pa.R.A.P. 2501(a); Delgros, supra.

internal quotation marks omitted). Accordingly, we will address Appellant's claim of ineffective assistance of counsel.

We bear in mind the following.

Counsel is presumed effective, and an appellant has the burden of proving otherwise. In order for Appellant to prevail on a claim of ineffective assistance of counsel, he must show, by a preponderance of the evidence, ineffective assistance of counsel which so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place.

To prevail on his ineffectiveness claims, Appellant must plead and prove by a preponderance of the evidence that: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his action or inaction; and (3) Appellant suffered prejudice because of counsel's action or inaction.

Commonwealth v. Presley, 193 A.3d 436, 442 (Pa. Super. 2018) (internal citations and quotation marks omitted); see also Commonwealth v. Solano, 129 A.3d 1156, 1162-63 (Pa. 2015) (stating that the ineffective-assistance-of-counsel standard is the same whether raised on direct review or in the PCRA context).

"A criminal defendant has the right to effective counsel during a plea process as well as during trial." Commonwealth v. Orlando, 156 A.3d 1274, 1280 (Pa. Super. 2017) (quoting Commonwealth v. Hickman, 799 A.2d 136, 141 (Pa. Super. 2002)). "In the context of a guilty plea, an appellant must show that plea counsel's ineffectiveness induced him to plea. If the appellant makes such a showing, we deem his plea involuntarily made and will permit its withdrawal." Commonwealth v. Johnson, 875 A.2d 328, 331 (Pa. Super. 2005) (citation omitted). "The voluntariness of the plea depends

on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." Orlando, 156 A.3d at 1280 (citations omitted). Further,

> [i]t is settled that a plea entered on the basis of a sentencing agreement in which the judge participates cannot be considered voluntary. Commonwealth v. Evans, [] 252 A.2d 689 ([Pa.] 1969). Indeed, a trial judge is forbidden from participating in any respect in the plea bargaining process prior to the offering of a guilty plea. "When a judge becomes a participant in plea bargaining he brings to bear the full force and majesty of his office.... The unquestioned pressure placed on the defendant because of the judge's unique role inevitably taints the plea." [Id. at 691.]

Johnson, 875 A.2d at 331-32; see also Pa.R.Crim.P. 590, Comment ("Nothing in this rule ... is intended to permit a judge to suggest to a defendant, defense counsel, or the attorney for the Commonwealth, that a plea agreement should be negotiated or accepted.").

Here, the following exchange took place at the plea hearing:

THE COURT: Where are we? Here's [sic] your choices: If he wants – you have already heard what I have to say.

[TRIAL COUNSEL]: Yes, Your Honor.

THE COURT: He has one of two choices; he can either plead guilty to this and get house arrest or not and go to the iron Hilton. It's a jailable offense.

[TRIAL COUNSEL]: Correct. He knows that, I told him that, Your Honor. Your Honor, he's going to plead guilty.

THE COURT: Good, get a form.

N.T., 3/7/2017, at 4-5.

In its opinion, the trial court justified its actions by stating that

[t]he negotiated settlement allowed [Appellant] to spend his sixty days of imprisonment in intermediate punishment with house arrest rather than jail.

[Appellant's] other allegation[s] of error[]s claims that his plea was not voluntary because the trial court told him that he would get house arrest if he plead[ed] guilty, but if not, he would go to jail. [The trial court] did not render advice to [Appellant], but instead discussed the options with [Appellant's] counsel.

Here, [Appellant] was charged with violating 75 Pa.C.S. [] § 1543(b), driving under a license suspension, which upon conviction requires the imposition of 60 to 90 days [of] imprisonment. [The trial court] accurately informed counsel of the required sentence of incarceration. The only way to avoid incarceration was to enter a plea. [The trial court] did not err[] by informing counsel of the options, nor did it render [Appellant's] plea involuntary.

\* \* \*

[The trial court] informed [Appellant] of his negotiated sentence, and inquired whether the plea was voluntary and whether [Appellant] was guilty of the charge and [Appellant] replied "Yes, Your Honor."

Trial Court Opinion, 4/3/2018, at 3 (unpaginated) (unnecessary capitalization omitted).

Notably, the Commonwealth disputes that it negotiated such a plea. Commonwealth's Brief at 15-16 ("The record in this case does not support an inference that the Commonwealth negotiated this plea. The trial judge was the one who threatened imprisonment if [Appellant] exercised his right to go to trial. … There is no evidence of 'negotiation.' In fact, the Commonwealth's counsel was never asked whether he agreed with this 'negotiated sentence.'"); see also Appellant's Brief at 34 ("[T]here was no specific plea offered by the

Commonwealth, but the plea bargain was created by the trial judge without objection from the Commonwealth."). After reviewing the plea hearing transcript, in its entirety, we reach the same conclusion; there was no negotiated plea in this case.

The plea hearing excerpt quoted above clearly shows that the trial court influenced Appellant to plead guilty, presenting Appellant with an ultimatum: accept the judge's offer or go to jail. Moreover, the trial court's comments presume Appellant's guilt irrespective of his plea, and do not recognize the possibility that Appellant could have been acquitted. Thus, we find Appellant's underlying claim has arguable merit. See Johnson, 875 A.2d at 332. Moreover, counsel's inaction during this exchange was both unreasonable and prejudicial. See id. Counsel's assistance cannot be said to have fallen within "the wide range of professionally competent assistance" demanded by the Sixth Amendment. See Hickman, 799 A.2d at 141, quoting Strickland v. Washington, 466 U.S. 668, 690 (1984). Trial counsel's inaction gave Appellant reason to believe he would go to jail if he did not plead guilty, when in fact, Appellant was eligible for house arrest whether he pleaded guilty or not.[4] Therefore, "based on an ignorance of relevant sentencing law, counsel's advice was legally unsound and devoid of any reasonable basis designed to effectuate Appellant's interests." Hickman, 799 A.2d at 141 (citations omitted). Finally,

---

[4] See 42 Pa.C.S. §§ 9763, 9804.

prejudice may be established by demonstrating a reasonable probability that Appellant would have opted to go to trial rather than plead guilty had he been given legally sound advice. Our case law makes clear that the reasonable probability standard in this context is not especially stringent, but requires only a probability sufficient to undermine confidence in the outcome.

Commonwealth v. Barndt, 74 A.3d 185, 199–200 (Pa. Super. 2013) (citations omitted). Had trial counsel objected, there is a reasonable probability that Appellant would have opted to go to trial. Thus, we find that Appellant has made a showing of unreasonableness and prejudice sufficient to satisfy his burden.

Based on the foregoing, we find Appellant's guilty plea involuntarily tendered, and as such, he is entitled to an opportunity to withdraw his plea. See Johnson, 875 A.2d at 331. Accordingly, we vacate his judgment of sentence and remand for further proceedings.[5] See id. at 332.

Judgment of sentence vacated. Case remanded for further proceedings consistent with this decision. Jurisdiction relinquished.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/19/2019

---

[5] Given our resolution of this claim, we need not address Appellant's remaining claims.