J-S35006-19

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| JAMES ALSTON | : | |
| | : | |
| Appellant | : | No. 3364 EDA 2018 |

Appeal from the PCRA Order Entered November 19, 2018
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s):  CP-51-CR-0002060-2015

BEFORE:   OLSON, J., STABILE, J., and STRASSBURGER*, J.

MEMORANDUM BY OLSON, J.:                    **FILED OCTOBER 23, 2019**

Appellant, James Alston, appeals from the November 19, 2018 order denying his petition filed pursuant to the Post-Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546.  In this appeal from the denial of PCRA relief, Appellant's court-appointed counsel filed an application to withdraw as counsel and a no-merit letter pursuant to ***Commonwealth v. Turner***, 544 A.2d 927 (Pa. 1988), and ***Commonwealth v. Finley***, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).  As we conclude that counsel fulfilled the procedural requirements of ***Turner/Finley***, and this appeal is without merit, we grant counsel's petition to withdraw as counsel and affirm the PCRA court's order denying Appellant's PCRA petition.

_____

*   Retired Senior Judge assigned to the Superior Court.

The facts, as established at Appellant's guilty plea hearing, are as follows:

On November 16, 2014, the victim, Alfonso Gonzalez, went to [a home along Jasper Street in the City and County of Philadelphia where Appellant's son, James J. Alston, Jr., resided]. The victim owed [Appellant's] son money. When the victim [arrived], [Appellant] answered the door, pulled the victim [inside] and started to beat him by punching him all over his body. [Appellant] went through the victim's pockets, removed his wallet, and threatened him by saying, "I'll kill for my children." [Appellant] then left that location and came back with a firearm. During the time [Appellant] was gone, [his co-defendant], [Appellant's] son, continued to beat the victim. After [Appellant] returned, he put the gun in the victim's face and again tried to demand money. At one point, [Appellant] showed the victim that there were bullets in the firearm. The victim was beaten with a bat. He was tazed [sic] all over his body. When [Appellant returned,] three [sic] other individuals who go by the names of Country, Cuz, Fats, and Muslim, had come over to the residence and they also participated in the beating.

N.T. Plea Hearing, 11/14/16, at 14-15, and 19.

On November 14, 2016, the trial court accepted Appellant's open guilty plea to aggravated assault - attempting or causing serious bodily injury (18 Pa.C.S.A. § 2702(a)(1)) and carrying a firearm on the public streets of Philadelphia (18 Pa.C.S.A. § 6108). After receiving a presentence report and mental health evaluation, the trial court, on March 2, 2017, imposed an aggregate sentence of two and one-half to five years' imprisonment followed by ten years' probation. Appellant filed a motion for reconsideration of his sentence on March 13, 2017, which was denied by operation of law on July 11, 2017. Appellant never filed a direct appeal.

- 2 -

Appellant filed a *pro se* PCRA petition on July 10, 2017.[1] Appellant's petition alleged that trial counsel was ineffective in assuring Appellant that he would be given credit for time served for the period he spent on house arrest, failing to adequately investigate Appellant's case, failing to seek reconsideration of Appellant's sentence and to file a notice of appeal despite requests to do so, failing to object to the trial court's deviation from the sentencing guidelines, and failing to subject the Commonwealth's case to meaningful adversarial testing. Appellant's PCRA Petition, 7/10/17, at 3. On October 17, 2017, PCRA counsel filed a **Turner/Finley** letter asking to withdraw since Appellant's claims lacked merit. The PCRA court conducted a hearing on November 19, 2018 and, thereafter, dismissed Appellant's petition. This timely appeal followed.

On appeal, Appellant's court-appointed counsel again petitioned to withdraw pursuant to **Turner**/**Finley**. Therefore, prior to addressing the merits of the issues raised in counsel's **Turner/Finley** letter, we must

---

[1] Appellant's *pro se* PCRA petition predated the denial (by operation of law) of his motion for reconsideration of sentence. As such, the petition was filed before Appellant's judgment of sentence became final. Nevertheless, we perceive no error in the PCRA court entertaining the petition since Appellant never pursued a direct appeal. **Compare Commonwealth v. Leslie**, 757 A.2d 984 (Pa. Super. 2000) (PCRA court should have dismissed petition without prejudice as premature given pendency of direct appeal).

determine whether counsel met the procedural requirements necessary to withdraw.

>    Counsel seeking to withdraw in PCRA proceedings:
>
> > must review the case zealously. ***Turner/Finley*** counsel must then submit a "no-merit" letter to the PCRA court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
> >
> > Counsel must also send to the petitioner: (1) a copy of the "no-merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed *pro se* or by new counsel.
> >
> > Where counsel submits a petition and no-merit letter that satisfy the technical demands of ***Turner/Finley***, the court — PCRA court or this Court — must then conduct its own review of the merits of the case. If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

***Commonwealth v. Muzzy***, 141 A.3d 509, 510–511 (Pa. Super. 2016) (internal quotations, citations, and corrections omitted). In this case, counsel fulfilled the procedural requirements for withdrawing as PCRA counsel and Appellant has not responded to counsel's efforts to withdraw. Therefore, we must determine whether the claims raised in the petition lack merit. Upon review, we conclude that the claims advanced in Appellant's petition lack merit. Therefore, we agree with counsel that, pursuant to ***Turner/Finley***, any claim on appeal is "without merit."

"This Court's standard of review regarding an order denying a petition under the PCRA is whether the determination of the PCRA court is supported by the evidence of record and is free of legal error." **Commonwealth v. Rizvi**, 166 A.3d 344, 347 (Pa. Super. 2017). The PCRA court's credibility determinations are entitled to great deference and "we are bound by the PCRA court's credibility determinations where there is record support for those determinations." **Commonwealth v. Santiago**, 855 A.2d 682, 694 (Pa. 2004).

> In order to succeed on an ineffective assistance of counsel claim, the petitioner must show: (1) that the claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and [](3) that, but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different**. In the context of a guilty plea, an appellant must show that plea counsel's ineffectiveness induced him to plea.** If the appellant makes such a showing, we deem his plea involuntarily made and will permit its withdrawal.

**Commonwealth v. Johnson**, 875 A.2d 328, 331 (Pa. Super. 2005) (citations omitted) (emphasis added). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." **Commonwealth v. Timchak**, 69 A. 3d 765, 769 (Pa. Super. 2013).

Appellant's petition raised four issues, which we address in turn. In his first issue, Appellant claims that plea counsel wrongly assured him that he would receive credit for time served against his minimum sentence

(approximately one year, seven months, and 21 days) for the period he spent on home confinement. At the November 19, 2018 PCRA hearing, counsel denied telling Appellant that he would receive credit for home detention. Appellant testified that he did not discuss the issue of time credit until after the court imposed sentence. Although the PCRA court did not expressly address this issue in its opinion, we infer from its dismissal of Appellant's petition that the court determined that Appellant's plea was not induced by counsel's actions since he decided to plead guilty without any assurances regarding credit for time served. Because Appellant cannot make the showing required to establish his entitlement to relief, we conclude that there is no merit to this claim.

In his second issue, Appellant claimed that his counsel failed to investigate his case and was inadequately prepared for trial.[2] At his plea hearing, however, Appellant agreed to the Commonwealth's recitation of the facts and admitted that he assaulted the victim and possessed a firearm on the public streets of Philadelphia. Appellant offers no factual support for a claim of innocence and no evidence to buttress his contentions regarding counsel's alleged inadequate investigation and preparation for proceedings before the trial court. Accordingly, this claim merits no relief.

---

[2] Appellant's petition also leveled a claim that counsel failed to subject the Commonwealth's case to meaningful adversarial testing. We have merged this claim into our discussion of the adequacy of counsel's investigatory and preparatory efforts.

In his third issue, Appellant claims that trial counsel improperly failed to seek reconsideration of his sentence and, furthermore, failed to file a direct appeal, despite Appellant's requests that counsel do so. Contrary to the first aspect of Appellant's claim, the record confirms that counsel filed a motion to reconsider Appellant's sentence on March 13, 2017 and that the motion was denied by operation of law on July 11, 2017. As for Appellant's direct appeal claim, the record shows that Appellant and counsel offered divergent testimony at the November 19, 2018 PCRA hearing. Appellant testified that he asked counsel to file a direct appeal and counsel denied any such request. To establish his entitlement to relief, Appellant needed to prove that he requested an appeal and that counsel disregarded the request without justification. **See Commonwealth v. Lantzy**, 736 A.2d 564, 572 (Pa. 1999). We infer from the PCRA court's denial of relief that it credited the testimony of counsel and rejected that offered by Appellant. Because the PCRA court found that no appeal was requested, no relief is due on this claim. Moreover, we see no evidence in the record that triggered counsel's independent duty to consult with Appellant about the benefits and drawbacks of filing an appeal. **See Roe v. Flores-Ortega**, 528 U.S. 470 (2000). As such, this claim also fails.

Finally, Appellant claims that counsel was ineffective in failing to object to the sentencing court's deviation from the sentencing guidelines. In developing this claim, Appellant's *pro se* petition refers only to the guidelines applicable to his firearms offense and overlooks the applicable guidelines for

the offense of aggravated assault. The record reflects that Appellant's minimum sentence of two and one-half years was below the standard guideline range for aggravated assault. As such, there is no merit to Appellant's claim that counsel was ineffective in failing to object to the court's application of the sentencing guidelines.

We agree with PCRA counsel that Appellant's petition is devoid of meritorious claims. Moreover, after conducting our own review, we find there are no meritorious claims. As such, we affirm the dismissal of the petition and grant counsel's application to withdraw.

Order affirmed. Application to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 10/23/19