J-S20014-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

COMMONWEALTH OF PENNSYLVANIA : IN THE SUPERIOR COURT OF
: PENNSYLVANIA
:
v. :
:
:
:
WAYNE ANTHONY DAVIS :
:
Appellant : No. 1332 WDA 2021

Appeal from the PCRA Order Entered October 25, 2021
In the Court of Common Pleas of Blair County Criminal Division at No(s):
CP-07-CR-0002029-2017

BEFORE:  NICHOLS, J., MURRAY, J., and KING, J.

MEMORANDUM BY NICHOLS, J.:                    **FILED: AUGUST 15, 2022**

Appellant Wayne Anthony Davis appeals from the order denying his timely first Post Conviction Relief Act (PCRA)[1] petition.  Appellant contends that plea counsel's ineffectiveness caused him to enter an involuntary and unknowing guilty plea.  Appellant's PCRA counsel, Paul Puskar, Esq. (PCRA counsel) has filed a petition to withdraw and a **Turner**/**Finley**[2] brief.  We affirm the PCRA court's order and grant PCRA counsel's petition to withdraw.

The underlying facts of this matter are well known to the parties.  **See** PCRA Ct. Op., 10/25/21, at 1-2.  Briefly, Appellant was charged with multiple

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] **Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988); **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

drug-related offenses[3] based on a grand jury presentment that detailed his involvement in a drug distribution organization. ***See id.*** Prior to trial, Appellant filed a motion to sever and an omnibus pretrial motion seeking to quash the grand jury presentment. ***See id.*** at 2. Following a hearing, the trial court issued an order denying Appellant's motion to sever. ***See id.*** After concluding that it did not have jurisdiction to quash the grand jury presentment, the trial court also denied Appellant's motion to quash. ***See id.*** Appellant subsequently filed another motion to quash the grand jury presentment before the Supervising Judge of the Thirty-Ninth Statewide Investigating Grand Jury, which he later withdrew.

The trial court conducted a plea hearing on November 15, 2018. At the hearing, Appellant participated in an oral colloquy and also completed a written plea colloquy. In his written plea colloquy, Appellant indicated that he wished to plead guilty and understood the maximum sentences for each offense. ***See*** Guilty Plea Colloquy Form, 11/16/18, at 3-5. Appellant indicated that he understood the trial rights he was giving up by pleading guilty, including the right to confront witnesses against him. ***See id.*** at 5-7. Further, Appellant confirmed that he understood that he was waiving certain appellate rights by pleading guilty. ***See id.*** at 8. Appellant also indicated that he was entering his plea knowingly, intelligently, and voluntarily, and that he was satisfied with his attorney's representation. ***See id.*** at 8-11.

---

[3] 35 P.S. §§ 780-101–780-144.

During the oral guilty plea colloquy, Appellant acknowledged that by pleading guilty, he would be giving up his right to litigate pretrial matters. N.T. Plea Hr'g, 11/16/18, at 8. Appellant also stated on the record that he was entering his plea knowingly, intelligently, and voluntarily. *See id.* at 6.

Following the colloquy, Appellant entered a negotiated guilty plea to possession with intent to deliver (PWID), dealing in the proceeds of unlawful activities, corrupt organizations, and two counts of criminal conspiracy.[4] *See id.* at 1-9. In exchange for Appellant's plea, the Commonwealth withdrew the remaining charges. *See id.* at 8. That same day, the trial court imposed the agreed-upon sentence of twelve to twenty-four years of incarceration with credit for time served. *See id.* at 7-8. Appellant did not file a post-sentence motion.

Appellant filed a timely direct appeal in which he claimed that his plea was not knowing, intelligent, or voluntary. *See Commonwealth v. Davis*, 1739 WDA 2018, 2019 WL 6652093 at *1 (Pa. Super. filed Dec. 6, 2019) (unpublished mem). This Court concluded that Appellant had waived his issue by failing to preserve it before the trial court during the plea colloquy, at sentencing, or in a post-sentence motion. *See id.* at *1-2. Further, the Court stated that, even if Appellant had preserved his claim, the totality of the circumstances surrounding his plea demonstrated that it was knowing,

---

[4] 35 P.S. § 780-113(a)(30), 18 Pa.C.S. §§ 5111(a)(1), 911(h)(1), and 903, respectively.

intelligent, and voluntary. *See id.* at *2 n.1. Appellant did not petition for allowance of appeal to the Supreme Court of Pennsylvania.

On June 1, 2020, Appellant filed a timely *pro se* PCRA petition in which he argued that plea counsel's ineffectiveness caused him to enter an unknowing and involuntary guilty plea.[5] *See Pro Se* PCRA Pet., 6/1/20, at 2, 7. The PCRA court appointed PCRA counsel, who filed an amended petition on Appellant's behalf.[6] *See* Amended PCRA Pet., 5/21/21, at 1.

On June 7, 2021, the PCRA court held an evidentiary hearing. Appellant testified that although he did not want to plead guilty, plea counsel stated that he would withdraw from representation if Appellant did not take the plea.[7] N.T. PCRA Hr'g, 6/7/21, at 10-11. Appellant claimed that he was unaware that another attorney would have been appointed on his behalf and stated

---

[5] Specifically, Appellant argued that plea counsel forced him to enter a guilty plea by threatening to withdraw from representation and stating that Appellant would not get a fair trial. *See Pro Se* PCRA Pet., 6/1/20, at 28 (unpaginated). Appellant also claimed that plea counsel "misadvised [Appellant] to waive his pre-trial constitutional rights," and failed to challenge the "false testimony/false evidence" in the grand jury presentment, which was used as the factual basis for Appellant's plea. *Id.* at 10 (unpaginated).

[6] In PCRA counsel's amended petition, he argued that plea counsel was ineffective for withdrawing his motion to quash the grand jury presentment, failing to challenge alleged hearsay statements at the preliminary hearing, failing to obtain evidence which would have "exposed the misinformation presented to the grand jury," and threatening to withdraw as counsel in order to pressure Appellant into entering a guilty plea. Amended PCRA Pet., 5/21/21, at 1. PCRA counsel also alleged that that Appellant's plea was not voluntary. *Id.*

[7] Plea counsel did not testify at the evidentiary hearing.

- 4 -

that he would not have pled guilty if plea counsel had informed him of that fact. *See id.* at 11. Appellant also asserted that plea counsel erred by withdrawing the second motion to quash because the grand jury presentment contained misrepresentations about the testimony given at the grand jury hearing. *See id.* at 4-5.

On October 25, 2021, the PCRA court issued an opinion and order denying Appellant's PCRA petition. Therein, the PCRA court explained that Appellant had failed to prove that the presentment alone would have influenced his decision to plead guilty, and that there was no evidence Appellant's plea was not knowing, intelligent, or voluntary. *See* PCRA Ct. Op. at 6-7. Appellant subsequently filed a timely notice of appeal. In lieu of a court-ordered Pa.R.A.P. 1925(b) statement, PCRA counsel filed a Rule 1925(c)(4) statement indicating that there were no non-frivolous issues for appeal and that he intended to file a petition to withdraw. *See* Statement of Matters Complained of on Appeal, 11/29/21, at 1.

On December 13, 2021, Appellant filed a *pro se* Rule 1925(b) statement. Therein, Appellant raised a litany of issues regarding ineffective assistance by both plea counsel and PCRA counsel and argued that the PCRA court erred by dismissing his petition without proper notice under Pa.R.Crim.P. 907. *See Pro Se* Rule 1925(b) Statement, 12/13/21, at 1-5 (unpaginated).

On January 19, 2022, PCRA counsel filed a **Turner**/**Finley** brief and a petition to withdraw.[8]  However, before addressing the merits of Appellant's ineffective assistance claims, we must first consider whether PCRA counsel met the technical requirements for withdrawing from representation. **Commonwealth v. Muzzy**, 141 A.3d 509, 510 (Pa. Super. 2016).  As we have explained,

> [c]ounsel petitioning to withdraw from PCRA representation must proceed. . . . under [**Turner** and **Finley**] and. . . . must review the case zealously.  **Turner**/**Finley** counsel must then submit a "no-merit" letter to the trial court, or brief on appeal to this Court, detailing the nature and extent of counsel's diligent review of the case, listing the issues which petitioner wants to have reviewed, explaining why and how those issues lack merit, and requesting permission to withdraw.
>
> Counsel must also send to the petitioner: (1) a copy of the "no merit" letter/brief; (2) a copy of counsel's petition to withdraw; and (3) a statement advising petitioner of the right to proceed pro se or by new counsel.
>
> \*     \*     \*
>
> Where counsel submits a petition and no-merit letter that . . . satisfy the technical demands of **Turner**/**Finley**, the court—trial court or this Court—must then conduct its own review of the merits of the case.  If the court agrees with counsel that the claims are without merit, the court will permit counsel to withdraw and deny relief.

**Id.** at 510-11 (citations omitted and formatting altered).

Here, PCRA counsel detailed his review of the case, evaluated the issues identified by Appellant, and concluded that all of Appellant's claims were

---

[8] PCRA counsel filed his petition to withdraw on February 18, 2022.

meritless. ***Turner/Finley*** Brief at 9. PCRA counsel also provided Appellant with a copy of the ***Turner/Finley*** brief and petition to withdraw, as well as a letter advising Appellant of his right to proceed *pro se* or with privately retained counsel.[9] Correspondence, 11/10/21, at 1-2 (unpaginated). Therefore, we conclude that PCRA counsel has complied with the requirements necessary to withdraw as counsel. ***See Muzzy***, 141 A.3d at 510-11.

In the ***Turner/Finley*** brief, PCRA counsel identifies Appellant's claims that plea counsel's ineffectiveness caused Appellant to enter an involuntary and unknowing guilty plea. ***Turner/Finley*** Brief at 9.

> In reviewing the denial of a PCRA petition, our standard of review
>
> is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a *de novo* standard of review to the PCRA court's legal conclusions.
>
> Furthermore, to establish a claim of ineffective assistance of counsel, a defendant must show, by a preponderance of the

---

[9] PCRA counsel's ***Turner/Finley*** brief fails to include a copy of the PCRA court's opinion or a Rule 1925(b) statement of errors, as required under Pa.R.A.P. 2111(a)(10) and (11). Although we do not condone these defects, they do not prevent effective appellate review in this case. Therefore, we will address the issue as raised in the ***Turner/Finley*** brief. ***See***, ***e.g.***, ***Commonwealth v. Sauers***, 159 A.3d 1, 5 n.3 (Pa. Super. 2017).

Additionally, we note that Appellant filed an application to proceed *pro se* in which he averred that, despite his wishes, PCRA counsel refused to subpoena plea counsel. Application to Proceed *Pro Se*, 3/18/22, at 1. On March 29, 2022, this Court granted Appellant's application and granted him thirty days – or until April 28, 2022 – to file a *pro se* response to the ***Turner/Finley*** brief. As of this date, Appellant has not filed a *pro se* response to the ***Turner/Finley*** brief.

evidence, ineffective assistance of counsel which, in the circumstances of the particular case, so undermined the truth-determining process that no reliable adjudication of guilt or innocence could have taken place. The burden is on the defendant to prove all three of the following prongs: (1) the underlying claim is of arguable merit; (2) that counsel had no reasonable strategic basis for his or her action or inaction; and (3) but for the errors and omissions of counsel, there is a reasonable probability that the outcome of the proceedings would have been different.

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered). Further, it is well settled that "counsel cannot be deemed ineffective for failing to raise a meritless claim." *Commonwealth v. Fears*, 86 A.3d 795, 804 (Pa. 2014) (citation omitted).

This Court has explained that "upon entering a guilty plea, [a defendant] waive[s] his right to challenge on appeal all non-jurisdictional defects except the legality of his sentence and the validity of his plea." *Commonwealth v. Rush*, 909 A.2d 805, 807 (Pa. Super. 2006) (citation omitted). Therefore, when a defendant pleads guilty, "a claim of ineffectiveness may provide relief only if the alleged ineffectiveness caused [the defendant to enter] an involuntary or unknowing plea." *Commonwealth v. Orlando*, 156 A.3d 1274, 1281 (Pa. Super. 2017) (citation omitted); *see also Commonwealth v. Johnson*, 875 A.2d 328, 331 (Pa. Super. 2005) (explaining that when asserting a claim of ineffectiveness of counsel in the context of a guilty plea, a defendant must show that plea counsel's ineffectiveness induced him to enter the plea).

Our Supreme Court has held that when this Court finds an issue waived on direct appeal but then concludes that the issue is meritless, the ruling on

- 8 -

the merits is a valid holding that constitutes the law of the case with respect to that issue. *See Commonwealth v. Reed*, 971 A.2d 1216, 1220 (Pa. 2009). Further, because the ruling on the merits of the issue is the law of the case, it constrains this Court's review of the same issue in subsequent collateral proceedings, even if it is nested in an ineffective assistance of counsel claim. *See id.* at 1220, 1227.

Here, Appellant claims that plea counsel's ineffectiveness caused him to enter an unknowing and involuntary plea. However, as noted previously, a prior panel of this Court concluded that Appellant waived his challenge to the validity of his guilty plea on direct appeal. *See Davis*, 2019 WL 6652093 at *1-2. Additionally, the Court found that Appellant's claim was meritless, as "the totality of the circumstances surrounding Appellant's plea demonstrate[d] that it was knowing, voluntary, and intelligent." *Id.* at *2 n.1 (citation omitted). Because this Court's prior ruling on the merits of Appellant's claim constitutes the law of the case, *see Reed*, 971 A.2d at 1220, Appellant cannot establish that plea counsel's ineffectiveness caused him to enter an involuntary or unknowing plea. *See Rush*, 909 A.2d at 807; *see also Orlando*, 156 A.3d 1274, 1281; *Johnson*, 875 A.2d at 331. Further, because Appellant's underlying claim is meritless, we conclude that neither direct appeal counsel nor PCRA counsel were ineffective for failing to raise the issue in subsequent proceedings. *See Fears*, 86 A.3d at 804. Accordingly, Appellant's ineffectiveness claims must fail. *See Sandusky*, 203 A.3d at 1043.

For these reasons, we discern no error or abuse of discretion by the PCRA court in denying Appellant's petition.[10] Additionally, our review of the record has not revealed any other issues of merit.[11] *See Muzzy*, 141 A.3d at 510-11. Therefore, we affirm the PCRA court's order and grant PCRA counsel's petition to withdraw.

Order affirmed. Petition to withdraw granted.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/15/2022

---

[10] As noted previously, the PCRA court concluded that Appellant was not entitled to relief because he failed to prove that the grand jury presentment would have affected his decision to plead guilty, nor had he provided credible evidence that plea counsel had threatened to withdrawal from representation. *See* PCRA Ct. Op. at 6-7. Although we affirm the PCRA court's ruling on a different basis, we note that it "is well settled that where the result is correct, an appellate court may affirm a lower court's decision on any ground without regard to the ground relied upon by the lower court itself." *Commonwealth v. Lehman*, 275 A.3d 513, 520 n.5 (Pa. Super. 2022) (citations omitted).

[11] As part of our independent review of the record, we note that because the PCRA court conducted an evidentiary hearing, the court was not required to issue a Rule 907 notice of intent to dismiss Appellant's PCRA petition. *See* Pa.R.Crim.P. 907(1) (stating that a Rule 907 notice is required when the PCRA court disposes of a petition without a hearing); *see also* Pa.R.Crim.P. 908(D)(1) (indicating that, where a PCRA court denies a PCRA petition after an evidentiary hearing, the court shall issue an order denying relief). Therefore, Appellant is not entitled to relief on that issue.