J-A14022-22

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| MICHAEL W. GLANTZ | |
| Appellant | No. 1677 MDA 2021 |

Appeal from the PCRA Order Entered October 8, 2021
In the Court of Common Pleas of Mifflin County
Criminal Division at No.: CP-44-CR-0000123-2019

BEFORE: BENDER, P.J.E., STABILE, J., and STEVENS, P.J.E.[*]

MEMORANDUM BY STABILE, J.:                **FILED: SEPTEMBER 14, 2022**

Appellant Michael W. Glantz appeals from the October 8, 2021 order of the of the Court of Common Pleas of Mifflin County ("PCRA court"), which denied his petition under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-46. Upon review, we vacate and remand.

On February 19, 2019, Trooper Kyle Milliron, Pennsylvania State Police, charged Appellant with driving under the influence ("DUI") of alcohol, DUI – highest rate of alcohol, driving on roadways laned for traffic, and careless driving.[1] On January 21, 2020, Appellant pleaded guilty to DUI, highest rate of alcohol, second offense, and graded as a first-degree misdemeanor. That

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 75 Pa.C.S.A. §§ 3802(a)(1), 3802(c), 3309(1) and 3714(a), respectively.

day, the trial court imposed a sentence of 15 days' imprisonment followed by county intermediate punishment of 35½-months. Instead of filing any post-sentence motions, Appellant timely appealed, challenging as unconstitutional the requirement that he submit a DNA sample under the amended DNA Detection of Sexual and Violent Offenders Act, 44 Pa.C.S.A. §§ 2301-2336. On March 22, 2021, a panel of court quashed the appeal for want of jurisdiction because the requirement for a DNA sample was not a part of Appellant's judgment of sentence. *Commonwealth v. Glantz*, 251 A.3d 1254 (Pa. Super. filed March 22, 2021) (unpublished memorandum).

On March 31, 2021, Appellant filed the instant PCRA petition, which he later amended on May 5, 2021. In his amended petition, Appellant argued only that this plea counsel rendered ineffective assistance by advising him that he would not be prohibited from lawfully possessing, selling, purchasing or controlling a firearm if he were to plead guilty to DUI, highest rate (second offense). Appellant argued that he relied on advice of counsel to plead guilty to DUI, highest rate, which carried a maximum penalty of up to five years' imprisonment. Additionally, Appellant argued that at the time he entered into the guilty plea, 18 U.S.C.A. § 922(g)(1) provided that it shall be unlawful for any person "who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year" to possess a firearm.[2] Appellant

---

[2] Section 922(g)(1) provides in pertinent part:

*(Footnote Continued Next Page)*

claimed that, but for plea counsel's erroneous advice, he would not have pleaded guilty to his second DUI offense, highest rate, resulting in the termination of his Second Amendment rights.

On September 30, 2021, the PCRA court conducted a hearing, at which Appellant presented the testimony of Attorneys Andrew Carson and Amy Stoak. Attorney Carson testified that a few days prior the pleading guilty, Appellant inquired whether the then-proposed guilty plea to DUI, second offense, would affect his rights to carry firearms. N.T., Hearing, 9/30/21, at 18-19. Attorney Carson recalled that he advised Appellant that pleading guilty would not trigger a lifetime ban on firearms either under state or federal law. *Id.* at 19. With respect to his opinion on federal law, Attorney Carson principally relied on **Holloway v. Sessions**, 349 F.Supp.3d 451, 463 (M.D. Pa. 2018), where the district court concluded that a firearms ban under 18 U.S.C.A. § 922(g)(1), as applied to persons convicted of a second DUI offense, highest rate, was unconstitutional. Further, Attorney Carson recalled that, then unbeknownst to him, a few days prior to Appellant's pleading guilty, the Third Circuit Court of Appeals reversed the district court's decision in **Holloway**, concluding that a guilty plea to a second DUI offense, highest rate,

_____

> It shall be unlawful for any person . . . who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year . . . to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C.A. § 922(g)(1).

- 3 -

would indeed trigger a lifetime ban.  *See Holloway v. Att'y Gen. United States*, 948 F.3d 164, 177–78 (3d Cir. 2020), *cert. denied sub nom. Holloway v. Garland*, 141 S. Ct. 2511, 209 L. Ed. 2d 546 (2021).[3] *Id.* at 19-21.

Next, Attorney Stoak, who represented Appellant at the January 21, 2020 guilty plea and sentencing hearing because of Attorney Carlon's unavailability, testified that she too was unaware of the Third Circuit's decision that was issued four days prior to the guilty plea hearing.  *Id.* at 43.  Attorney Stoak testified that, relying on the *Holloway* case and without the benefit of knowing it had been overturned by the Third Circuit, she advised Appellant that he would not face a lifetime prohibition on carrying or possessing firearms by pleading guilty to DUI, highest rate, and second offense.  *Id.* at 44. Attorney Stoak specially recalled that she advised Appellant to overlook the language in guilty plea colloquy warning him that he would lose his Second Amendment rights by pleading guilty.  *See id.*  ("I advised [Appellant] that, even though the guilty plea does say that, this case says the opposite."). Attorney Stoak admitted that she failed to review the caselaw on the day of sentencing to confirm whether the district court's decision in *Holloway* still was good law—and it was not.  *Id.*  Attorney Stoak acknowledged that Appellant signed the written guilty plea colloquy only because she advised him that he would not relinquish his Second Amendment rights, even though the

---

[3] The Third Circuit issued its decision on January 17, 2020, four days prior to Appellant's January 21, 2020 guilty plea.

colloquy put Appellant on notice regarding the collateral effects of the guilty plea relating to firearms. *Id.* at 45 (Appellant "was signing it on the basis that I told him.").

On October 7, 2021, the PCRA court denied Appellant relief. On October 14, 2021, Appellant moved for reconsideration, claiming that erroneous and misleading advice furnished by counsel and relied upon by him when pleading guilty constituted ineffective assistance. On November 1, 2021, the PCRA court granted Appellant's reconsideration motion and scheduled a hearing thereon. On December 6, 2021, following a hearing, the PCRA court reaffirmed its denial of Appellant's PCRA petition. Appellant timely appealed. The PCRA court directed Appellant to file a Pa.R.A.P. 1925(b) statement of errors complained of on appeal. Appellant complied, asserting ineffectiveness claims. In response, the PCRA court issued a Pa.R.A.P. 1925(a) statement.

On appeal, Appellant presents three issues for our review.

[I.] Whether the PCRA court erred in finding that prior counsel was not ineffective.

[II.] Whether the PCRA court erred in denying Appellant's PCRA petition.

[III.] Whether the PCRA court erred in finding Appellant's sentence should not be vacated due to ineffective assistance of counsel.

Appellant's Brief at 8 (unnecessary capitalizations omitted).

"On appeal from the denial of PCRA relief, our standard of review requires us to determine whether the ruling of the PCRA court is supported by

the record and free of legal error." ***Commonwealth v. Widgins***, 29 A.3d

816, 819 (Pa. Super. 2011). As this Court has explained:

> We review an order dismissing a petition under the PCRA in the
> light most favorable to the prevailing party at the PCRA level. This
> review is limited to the findings of the PCRA court and the evidence
> of record. We will not disturb a PCRA court's ruling if it is
> supported by evidence of record and is free of legal error. This
> Court may affirm a PCRA court's decision on any grounds if the
> record supports it. Further, we grant great deference to the
> factual findings of the PCRA court and will not disturb those
> findings unless they have no support in the record. However, we
> afford no such deference to its legal conclusions. Where the
> petitioner raises questions of law, our standard of review is de
> novo and our scope of review plenary.

***Commonwealth v. Ford***, 44 A.3d 1190, 1194 (Pa. Super. 2012) (citations

omitted).

When a petitioner asserts an ineffectiveness claim, he is entitled to relief

if he pleads and proves that prior counsel rendered ineffective assistance of

counsel. 42 Pa.C.S.A. § 9543(a)(2)(ii). "To prevail on an [ineffectiveness]

claim, a PCRA petitioner must plead and prove by a preponderance of the

evidence that (1) the underlying legal claim has arguable merit; (2) counsel

had no reasonable basis for acting or failing to act; and (3) the petitioner

suffered resulting prejudice." ***Commonwealth v. Reyes-Rodriguez***, 111

A.3d 775, 780 (Pa. Super. 2015) (*en banc*) (citing ***Commonwealth v.***

***Pierce***, 527 A.2d 973 (Pa. 1987)).

As to what constitutes "reasonable basis," "[t]he test for deciding

whether counsel had a reasonable basis for his action or inaction is whether

no competent counsel would have chosen that action or inaction, or, in the

alternative, not chosen, offered a significantly greater potential chance of success." *Commonwealth v. Stewart*, 84 A.3d 701, 707 (Pa. Super. 2013) (citation omitted), *appeal denied*, 93 A.3d 463 (Pa. 2014). As such, "[c]ounsel's decisions will be considered reasonable if they effectuated his client's interest." *Id.* (citation omitted). "Prejudice means that, absent counsel's conduct, there is a reasonable probability the outcome of the proceedings would have been different." *Commonwealth v. Cox*, 983 A.2d 666, 678 (Pa. 2009). "A petitioner must prove all three factors of the "*Pierce* test," or the claim fails." *Reyes-Rodriguez*, 111 A.3d at 780. Put differently, "[t]he burden of proving ineffectiveness rests with Appellant." *Commonwealth v. Chmiel*, 889 A.2d 501, 540 (Pa. 2005).

"[A] criminal defendant's right to effective counsel extends to the plea process, as well as during trial." *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012) (citations omitted). Thus, "[i]n the context of a plea, a claim of ineffectiveness may provide relief only if the alleged ineffectiveness caused an involuntary or unknowing plea." *Commonwealth v. Orlando*, 156 A.3d 1274, 1281 (Pa. Super. 2017) (citations omitted). "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Wah*, 42 A.3d at 338-39 (citations omitted); *see Commonwealth v. Johnson*, 875 A.2d 328, 331 (Pa. Super. 2005) (explaining that when asserting a claim of ineffectiveness of counsel in the context of a guilty plea, a defendant must show that plea counsel's

- 7 -

ineffectiveness induced him to enter the plea), ***appeal denied***, 892 A.2d 822 (Pa. 2015). To be valid, a plea must be voluntary, knowing, and intelligent. ***Commonwealth v. Persinger***, 615 A.2d 1305, 1307 (Pa. 1992). In other words, "[t]he law does not require that [the defendant] be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [his] decision to plead guilty be knowingly, voluntarily and intelligently made." ***Commonwealth v. Yager***, 685 A.2d 1000, 1004 (Pa. Super. 1996) (*en banc*) (citations and internal quotation marks omitted). "[T]o establish prejudice, the defendant must show that there is a reasonable probability that, but for counsel's errors, he would not have pleaded guilty and would have insisted on going to trial." ***Commonwealth v. Brandt***, 74 A.3d 185, 192 (Pa. Super. 2013) (citations and internal quotation marks omitted). This is not a stringent requirement. ***Id.*** The reasonable probability test refers to "a probability sufficient to undermine confidence in the outcome." ***Id.*** (citations omitted). Finally, this Court has held that a defendant "is bound by the statements he makes in open court while under oath and he may not later . . . contradict the statements he made[.]" ***Commonwealth v. Hopkins***, 228 A.3d 577, 583 (Pa. Super. 2020).

Here, at the core, Appellant challenges only the validity of his guilty plea. According to Appellant, his plea was unknowing, involuntary or unintelligent because of counsels' ineffectiveness. Specifically, he claims that his attorneys collectively and individually affirmatively misrepresented the collateral consequences relating to firearms by repeatedly reassuring him that

- 8 -

he would not lose his Second Amendment rights as a result of pleading guilty to a second DUI offense, highest rate, and graded as a first-degree misdemeanor.

We, time and again, have afforded relief to a PCRA petitioner when counsel has affirmatively misled his client. *See Commonwealth v. Nieves*, 746 A.2d 1102, 1104-05 (Pa. 2000) (legal advice that is contrary to applicable law constitutes ineffective assistance of counsel). In *Brandt*, a defendant faced revocation of his parole because he received new charges. *Barndt*, 74 A.3d at 188. Following negotiations with the Commonwealth, counsel assured the appellant that he would receive a parole setback of no more than eleven months. *Id.* This assurance from counsel induced the appellant's plea. *Id.* Upon revoking the appellant's parole, however, the Parole Board ordered the appellant to serve approximately forty-one months in prison. *Id.* at 189. Thereafter, the appellant sought collateral relief through the PCRA, asserting ineffective assistance of plea counsel. *Id.* at 189-90.

The PCRA court denied relief. *Id.* at 190-91. It determined that the appellant knew he faced a parole violation and, further, that his ultimate setback was outside the control of the sentencing court. *Id.* at 195. Therefore, according to the PCRA court, the unanticipated severity of the Parole Board's decision provided no grounds for relief. *Id.*

On appeal, we reversed. In so doing, we observed that the appellant's claim "[was] not couched in terms of counsel's omission. Rather, [the appellant] argue[d] that plea counsel **affirmatively misled** [him]." *Id.* at

196 (emphasis in original). Under such circumstances, we held that counsel's assistance is "constitutionally ineffective when counsel misapprehends the consequences of a given plea and misleads his client accordingly about those consequences, without regard to whether the consequences in question are direct or collateral. *Id.* (quotation marks omitted). Thus, we reasoned that counsel bears an obligation to "render only *accurate* advice to his client about whatever collateral consequences of a guilty plea he chooses to address." *Id.* at 201 (emphasis in the original); *see also*, *e.g.*, *Commonwealth v. Rathfon*, 899 A.2d 365, 370-71 (Pa. Super. 2006) (affirming the lower court's determination that counsel was ineffective where counsel erroneously advised that defendant's plea ensured that he would serve sentence in county prison); *Commonwealth v. Hickman*, 799 A.2d 136, 141 (Pa. Super. 2002) (holding counsel ineffective and permitting petitioner to withdraw plea where counsel erroneously had assured petitioner that he would be eligible for early release into boot camp).

Here, based upon our review of the record, as detailed earlier, it is clear that Appellant pleaded and proved all prongs of the *Pierce* test. His attorneys conceded at the PCRA hearing that they were aware of Appellant's desire to retain his Second Amendment rights. Yet, despite this knowledge, they admitted that they provided wrong and unqualified legal advice to Appellant and, on the basis of that erroneous advice, Appellant entered into the guilty plea. His attorneys further admitted under oath that they failed to confirm the accuracy of the *Holloway* decision that was overruled by the Third Circuit

Court of Appeals a mere four days prior to Appellant's pleading guilty. According to Attorney Stoak, had she reviewed the **Holloway** decision on the day of the guilty plea, she would have observed that it no longer was good law and that, as a result, Appellant's Second Amendment rights would be extinguished upon his pleading guilty to a second DUI offense, highest rate, and graded as a first-degree misdemeanor. Moreover, Appellant's attorneys admitted that not only did they affirmatively furnish erroneous advice to Appellant, but that they asked him to disregard any contrary terms in the guilty plea colloquy. For example, Attorney Stoak testified that she advised Appellant to overlook language in the guilty plea colloquy warning him that he would lose his Second Amendment rights. Attorney Stoak's advice thus was not simply erroneous, but also in direct conflict with Appellant's expressed interest in wanting to retain his Second Amendment rights. It therefore is beyond cavil that Appellant would not have pleaded guilty had he been advised accurately of the collateral consequences of the plea, especially those relating to his Second Amendment rights. Consistent with **Brandt**, **Rathfon**, and **Hickman**, **supra**, because Appellant's attorneys affirmatively misled him by rendering unqualified and erroneous advice, upon which he relied in pleading guilty, we cannot conclude that his guilty plea was knowing, voluntary and intelligent. Accordingly, the PCRA court erred in denying Appellant's petition.

Order Vacated. Case remanded for further proceedings. Jurisdiction relinquished.

- 11 -

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: <u>09/14/2022</u>