J-S45025-22

NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37

| | |
|---|---|
| COMMONWEALTH OF PENNSYLVANIA | IN THE SUPERIOR COURT OF PENNSYLVANIA |
| Appellee | |
| v. | |
| DAVID A. HEUER | |
| Appellant | No. 2423 EDA 2021 |

Appeal from the PCRA Order Entered November 3, 2021
In the Court of Common Pleas of Chester County
Criminal Division at No: CP-15-CR-0002480-2018

BEFORE: OLSON, J., STABILE, J., and MURRAY, J.

MEMORANDUM BY STABILE, J.:                    **FILED MARCH 28, 2023**

Appellant, David A. Heuer, who is serving a sentence of eight to sixteen years' imprisonment following a guilty plea for a series of burglaries, appeals from an order denying relief under the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S.A. §§ 9541-9546. Appellant contends that his guilty plea was not knowing, voluntary or intelligent due to ineffective assistance of guilty plea counsel. We affirm.

A criminal information charged Appellant with committing forty-three offenses, many of them felonies, during a string of burglaries between March 10, 2018 and April 8, 2018. On March 11, 2019, Appellant entered an open plea of guilty to ten counts of burglary, 18 Pa.C.S.A. § 3502(a)(4), graded as felonies of the second degree, and one count of criminal conspiracy to commit burglary (no home/no person present), 18 Pa.C.S.A. §§ 903, 3502(a)(4), also a felony of the second degree.

At the beginning of the guilty plea hearing, the prosecutor stated on the record in the presence of both parties that "this will be an open guilty plea today to ten counts of burglary and one count of conspiracy." N.T., 3/11/19, at 2. The Commonwealth recited a lengthy factual predicate for each of the ten burglaries. *Id.* at 2-11. The court colloquied Appellant to determine whether his plea was knowing, intelligent and voluntary. The court showed Appellant a document, each page of which he had signed and/or initialed prior to the hearing (the "Guilty Plea Document"). *Id.* at 11-12. Appellant admitted that he had signed the Guilty Plea Document following thorough consultation with his counsel as to the meaning of every line on the document. *Id.* at 12. The court asked, "You were present in court and heard the lengthy facts as read into the record by the attorney for the Commonwealth, and again, they appear on the addendum [to the Guilty Plea Document] we just referenced. Do you agree to those facts?" *Id.* at 14. Appellant answered, "I do, your Honor." *Id.* Appellant is a career criminal with numerous prior convictions or adjudications for burglary, both as an adult and as a juvenile, in Pennsylvania and Delaware. *Id.* at 15. The court accepted Appellant's guilty plea as knowing, intelligent and voluntary. *Id.* at 14.

The first page of the Guilty Plea Document advised Appellant of the offenses to which he was pleading guilty, including the identification of the substantive crimes, the statutes where they were codified, the number of offenses to which he was pleading, and the maximum sentences and fines

for the offenses. Guilty Plea Document, 3/11/19, at 1. On the last page of the document, Appellant acknowledged, by placing his initials to the right of the statement and by signing his name at the bottom of the page, that he was "aware: ...[o]f the maximum sentences and fines that can be imposed for the offense with which I am charged; they are set forth on the cover pages of this form." *Id.* at 8. Appellant acknowledged that he was pleading guilty to the charges set forth on the cover page and that he read and understood the cover page. *Id.* at 5. He acknowledged that he was entering an open plea of guilt. *Id.* at 3. He stated that (1) his lawyer had explained to him the elements of the offenses to which he was tendering his plea, (2) he committed these crimes, and (3) the facts set forth on page 2 of the Guilty Plea Document (a short description of his crimes) indeed occurred. *Id.* at 5. He said that he was 39 years old, had obtained a GED, and was able to read, write and understand the English language. *Id.* at 5. He represented that he had never been treated for a mental illness. *Id.* at 5-6. He understood the charges against him and was able to work with his attorney in responding to the charges. *Id.* at 5. He agreed that he had adequate time with counsel for her to answer any questions that he might have had about the rights he was giving up. *Id.* Appellant initialed each paragraph of the addendum to the Guilty Plea Document, a detailed description of the facts underlying the offenses to which he was pleading guilty. Addendum to Guilty Plea Document, at 1-3. He also signed the signature line at the conclusion of the addendum. *Id.* at 3.

On October 3, 2019, following a pre-sentence investigation, the court sentenced Appellant to consecutive sentences of two to four years' imprisonment on four burglary counts and concurrent sentences on all other counts, for an aggregate term of eight to sixteen years' imprisonment. Appellant did not file a direct appeal.

On October 1, 2020, Appellant filed a PCRA petition averring that guilty plea counsel rendered ineffective assistance by giving him false information about the Commonwealth's plea offer. According to Appellant, prior to his guilty plea, guilty plea counsel told him that the Commonwealth offered to permit him to plead guilty to one count of burglary and one count of conspiracy in consideration for dropping the remaining forty-one charges against him. In reality, Appellant continued, the prosecutor told counsel that Appellant had to plead guilty to **ten** counts of burglary and one count of conspiracy. Appellant claimed that his guilty plea was not voluntary, knowing, and intelligent because counsel mischaracterized the terms of the plea offer.

On August 23, 2021, the PCRA court held an evidentiary hearing in which guilty plea counsel and Appellant testified. Guilty plea counsel testified that well in advance of the guilty plea hearing, the Commonwealth offered to allow Appellant to plead guilty to just one count of conspiracy and one count of burglary. N.T., 8/23/21, at 6-7. Counsel notified Appellant about this offer. *Id.* About one month before the guilty plea hearing, however, the Commonwealth notified counsel that the offer was for

- 4 -

Appellant to plead guilty to one count of conspiracy and ten counts of burglary. *Id.* at 8. Counsel discussed the revised offer with Appellant. *Id.* at 9. Before the guilty plea hearing, counsel went over "every page and every paragraph" of the Guilty Plea Document with Appellant. *Id.* at 9. Counsel signed the end of the Guilty Plea Document, signifying her belief that Appellant understood what he was pleading guilty to and what rights he was giving up in his plea. *Id.* Before the guilty plea, she advised Appellant that he faced the possibility that the court could impose consecutive sentences if he entered an open plea of guilty. *Id.* at 11. In her belief, Appellant entered a knowing, voluntary and intelligent plea, and at the time of his guilty plea, he understood the maximum sentences he could face and that the sentences could run consecutively to one another. *Id.* at 11. Counsel added that between the time of Appellant's guilty plea and sentencing, Appellant did not ask counsel to file a motion to withdraw his guilty plea. *Id.* at 12.

Appellant testified on his own behalf. According to Appellant, guilty plea counsel led him to believe that he was pleading guilty to only two charges, one count of burglary and one count of conspiracy. Counsel did not advise before his plea that the Commonwealth had revised its offer to ten counts of burglary and one count of conspiracy. *Id.* at 64-65, 70. On the day of the guilty plea hearing, he "was basically just advised to sign" the plea agreement, and he signed it because he "thought [he] was doing what [he] was advised to do." *Id.* at 68. He said, "You know, I breezed

through—I didn't read every word, but I breezed through the plea colloquy and, you know, everything on here led to two felonies. Like everything that she had said had lined up for two felonies." *Id.* at 68, 78-79. He stated, "The maximum time is the exact same time as the one conspiracy count. Like I didn't see the Counts 1 through 10 in here." *Id.* at 69. He signed the addendum detailing the ten burglaries because he believed this would allow "the case [to] be closed, and I could also pay restitution . . ." *Id.* at 72-73. Counsel did not tell him about the maximum penalties he faced, and had she done so, he would have insisted on going to trial. *Id.* at 73-75. He never asked counsel a question during the guilty plea hearing because he thought that he understood everything "perfectly," that is, he was "taking a plea to two felonies and the most I could get was two to four for each charge less or plus the aggregate." *Id.* at 76. He did not ask counsel to file a motion to withdraw his guilty plea between the plea hearing and sentencing because he did not realize until sentencing that he had pleaded guilty to more than two counts. *Id.* at 76-77. He knew at the time of his guilty plea hearing that he faced possible consecutive sentences, but only for two charges (one burglary and one conspiracy charge). *Id.* at 80.

On November 3, 2021, the PCRA court entered an order denying PCRA relief. Appellant filed a timely appeal, and both Appellant and the PCRA court complied with Pa.R.A.P. 1925. Appellant raises the following issues in this appeal:

I. Did the PCRA court err in not finding plea counsel ineffective for falsely advising Appellant that the Commonwealth was going to allow him to plead guilty to only two of the multiple felony counts he was charged with in exchange for his open guilty plea and then allowing him to enter an open guilty plea to ten felony burglary counts and one conspiracy count?

II. Did the PCRA court err in not finding that plea counsel was ineffective for failing to inform Appellant of the maximum potential sentence that he faced when he entered his guilty plea where the court also did not inform him of the maximum penalty he might receive such that his plea was not knowingly, intelligently, and voluntarily entered?

Appellant's Brief at 4.

"On appeal from the denial of PCRA relief, our standard of review requires us to determine whether the ruling of the PCRA court is supported by the record and free of legal error." *Commonwealth v. Widgins*, 29 A.3d 816, 819 (Pa. Super. 2011). As this Court has explained:

We review an order dismissing a petition under the PCRA in the light most favorable to the prevailing party at the PCRA level. This review is limited to the findings of the PCRA court and the evidence of record. We will not disturb a PCRA court's ruling if it is supported by evidence of record and is free of legal error. This Court may affirm a PCRA court's decision on any grounds if the record supports it. Further, we grant great deference to the factual findings of the PCRA court and will not disturb those findings unless they have no support in the record. However, we afford no such deference to its legal conclusions. Where the petitioner raises questions of law, our standard of review is *de novo* and our scope of review plenary.

*Commonwealth v. Ford*, 44 A.3d 1190, 1194 (Pa. Super. 2012). Further, "[a] PCRA court passes on witness credibility at PCRA hearings, and its credibility determinations should be provided great deference by reviewing courts." *Commonwealth v. Johnson*, 966 A.2d 523, 539 (Pa. 2009).

When issues of credibility are concerned, it is not the function of an appellate court to substitute its judgment based on a cold record for that of the court of common pleas. ***Commonwealth v. King***, 271 A.3d 437, 443 (Pa. Super. 2021).

When a petitioner asserts an ineffectiveness claim, he is entitled to relief if he pleads and proves that prior counsel rendered ineffective assistance of counsel. 42 Pa.C.S.A. § 9543(a)(2)(ii). "To prevail on an [ineffectiveness] claim, a PCRA petitioner must plead and prove by a preponderance of the evidence that (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for acting or failing to act; and (3) the petitioner suffered resulting prejudice." ***Commonwealth v. Reyes-Rodriguez***, 111 A.3d 775, 780 (Pa. Super. 2015) (*en banc*). "A petitioner must prove all three factors of [this] test, or the claim fails." ***Id.*** "The burden of proving ineffectiveness rests with Appellant." ***Commonwealth v. Chmiel***, 889 A.2d 501, 540 (Pa. 2005).

In his first claim of ineffective assistance, Appellant claims that his plea was unknowing, involuntary or unintelligent because guilty plea counsel falsely advised him that he was pleading guilty to only two charges but then allowed him to plead guilty to ten burglaries and one conspiracy charge. The PCRA court correctly denied this claim due to lack of arguable merit.

To be valid, a plea must be voluntary, knowing, and intelligent. ***Commonwealth v. Persinger***, 615 A.2d 1305, 1307 (Pa. 1992). In other

words, "[t]he law does not require that [the defendant] be pleased with the outcome of his decision to enter a plea of guilty: All that is required is that [his] decision to plead guilty be knowingly, voluntarily and intelligently made." *Commonwealth v. Yager*, 685 A.2d 1000, 1004 (Pa. Super. 1996) (*en banc*).

Pennsylvania Rule of Criminal Procedure 590 governs guilty pleas and plea agreements. Under Rule 590, in order for a guilty plea to be voluntary and knowing, the plea colloquy must, at a minimum, ascertain the following:

> 1. Does the defendant understand the nature of the charges to which he or she is pleading guilty or nolo contendere?
>
> 2. Is there a factual basis for the plea?
>
> 3. Does the defendant understand that he or she has the right to trial by jury?
>
> 4. Does the defendant understand that he or she is presumed innocent until found guilty?
>
> 5. Is the defendant aware of the permissible range of sentences and/or fines for the offenses charged?
>
> 6. Is the defendant aware that the judge is not bound by the terms of any plea agreement tendered unless the judge accepts such agreement?

Comment, Pa.R.Crim.P. 590.

The law presumes that a defendant who enters a guilty plea is aware of what he is doing. *Commonwealth v. Hart*, 174 A.3d 660, 665 (Pa. Super. 2017). The defendant is bound by the statements he makes during his plea colloquy. *Commonwealth v. Orlando*, 156 A.3d 1274, 1281 (Pa.

- 9 -

Super. 2017). A defendant who elects to plead guilty has a duty to answer questions truthfully and is bound by statements he makes under oath. *Commonwealth v. Pollard*, 832 A.2d 517, 523 (Pa. Super. 2003). He may not assert grounds for withdrawing a guilty plea that contradict the statements he made when he entered the plea. *Id.*

"[A] criminal defendant's right to effective counsel extends to the plea process, as well as during trial." *Commonwealth v. Wah*, 42 A.3d 335, 338 (Pa. Super. 2012). Thus, "[i]n the context of a plea, a claim of ineffectiveness may provide relief only if the alleged ineffectiveness caused an involuntary or unknowing plea." *Orlando*, 156 A.3d at 1281. "Where the defendant enters his plea on the advice of counsel, the voluntariness of the plea depends on whether counsel's advice was within the range of competence demanded of attorneys in criminal cases." *Wah*, 42 A.3d at 338-39; *see also Commonwealth v. Johnson*, 875 A.2d 328, 331 (Pa. Super. 2005) (when asserting claim of ineffectiveness of counsel in connection with guilty plea, defendant must show that plea counsel's ineffectiveness induced him to enter the plea).

Appellant argues that guilty plea counsel was ineffective for failing to inform him that he was pleading guilty to ten burglary and one conspiracy charge, not just one burglary and one conspiracy charge. The PCRA court correctly rejected this argument because the record establishes that

- 10 -

Appellant fully understood the nature of the charges at the time of his guilty plea.

Appellant is a career criminal with numerous prior convictions or adjudications for burglary, both as an adult and as a juvenile, in Pennsylvania and Delaware. The record establishes that guilty plea counsel advised Appellant that he was pleading guilty to ten burglaries and one conspiracy charge, not merely one burglary and one conspiracy charge, as Appellant alleges. The first page of the Guilty Plea Document sets forth the elements of burglary and conspiracy. Appellant signed this page and signed an acknowledgement on the final page of the Guilty Plea Document that he read and understood the cover page and the charges against him. Appellant initialed each paragraph of the addendum to the Guilty Plea Document that detailed the facts underlying all ten charges. He also signed the signature line at the conclusion of the addendum. Appellant also acknowledged in the Guilty Plea Document that he had enough time to discuss his charges with his lawyer, that he was satisfied with the advice that she gave him and with her representation of him, that he had gone over the entire document with his lawyer, and that she explained it to him and answered his questions.

Moreover, during the guilty plea hearing, in Appellant's presence, the prosecutor stated that Appellant was entering an open guilty plea to ten counts of burglary and one count of conspiracy. The prosecutor read into the record the summary of all charges in the addendum to the Guilty Plea

Document. Appellant testified that he signed the Guilty Plea Document following thorough consultation with his counsel as to the meaning of every line on the document. He further testified that he heard the lengthy recitation of facts by the Commonwealth and agreed to those facts.

During the PCRA hearing, guilty plea counsel testified that she had numerous conversations with Appellant about the charges he faced and what he could expect if he agreed to the Commonwealth's offer. N.T., 8/23/21, at 8. Counsel told Appellant that the initial offer from the Commonwealth was a guilty plea to one count of burglary and one count of conspiracy. *Id.* at 8. Approximately one month before the guilty plea hearing, however, counsel advised Appellant that the Commonwealth revised its offer to a guilty plea to ten counts of burglary and one count of conspiracy. *Id.* at 9. Counsel reviewed with Appellant "[e]very page and every paragraph" of his written Guilty Plea Document. *Id.* at 9-10. The PCRA court credited counsel's testimony, PCRA Ct. Op., 5/17/22, at 58, and we accord great deference to this credibility determination. *Johnson*, 966 A.2d at 539.

The PCRA court also found Appellant's testimony incredible. Appellant claimed during the PCRA hearing that he simply "breezed through" the Guilty Plea Document and believed he was pleading guilty to only one charge of burglary and the conspiracy charge. The PCRA court carefully explained why it did not believe this testimony:

> If [Appellant] did not pay attention to counsel as she went over
> each and every page with him and did not specifically attend to

- 12 -

the terms of the agreement, [Appellant]'s alleged confusion, the notion of which we reject, would have been due to his own nonfeasance and no inadequacy in counsel's stewardship. Additionally, [Appellant] did not raise any concerns about the alleged discrepancy in his peculiar understanding of the terms of the plea and the actual terms as set forth on the record either at the verbal guilty plea colloquy or at sentencing. To the contrary, [Appellant] affirmed that he understood the terms of the plea, that he had had enough time to go over the plea with counsel, that he was satisfied with her services, and that she had answered any questions he might have had.

PCRA Court Opinion, 5/17/22, at 65.

Appellant complains that "there is no record support for the court's decision to credit [guilty plea counsel's] testimony over [A]ppellant's." Appellant's Brief at 21 n.2. As stated above, we cannot substitute our own judgment on credibility issues for the PCRA court's judgment. Credibility determinations rest not only upon the substance of the witnesses' testimony but also on their demeanor. The PCRA court had the opportunity to observe the witnesses' demeanor during the evidentiary hearing. This Court does not have that opportunity; all that we have is the cold record. Therefore, we do not accept Appellant's invitation to find him more credible than guilty plea counsel.

Based on the Guilty Plea Document, Appellant's testimony during the guilty plea, and the evidence adduced during the PCRA evidentiary hearing, the PCRA court had ample reason to conclude that Appellant's claim of ineffective assistance lacks arguable merit. The record supports the PCRA court's determination that Appellant understood that he was pleading guilty

to ten burglaries and one count of conspiracy, and that his guilty plea was knowing, voluntary and intelligent.

In his second and final argument, Appellant asserts that guilty plea counsel was ineffective because she failed to make him aware that the court could impose consecutive sentences. The PCRA court properly rejected this argument.

The court imposed consecutive sentences on four of the eleven counts to which Appellant pleaded guilty. Concededly, the Guilty Plea Document stated the maximum possible sentence for burglary and conspiracy, it did not state that the court could impose consecutive sentences. Nor was the subject of consecutive sentences discussed during the guilty plea hearing. Nevertheless, the record demonstrates that at the time of the guilty plea hearing, Appellant was fully aware that the court could impose consecutive sentences on all charges. Guilty plea counsel testified during the PCRA hearing that prior to the guilty plea, she advised Appellant that by pleading guilty to ten counts of burglary and a single count of conspiracy, he faced consecutive sentences on these charges. The PCRA court found this testimony credible. Furthermore, during the PCRA hearing, Appellant admitted knowing at the time of his guilty plea that he faced possible consecutive sentences. He claimed, however, that he believed he was pleading guilty to only two offenses and therefore faced consecutive sentences on only two charges. The PCRA court found guilty plea counsel's

testimony credible and Appellant's testimony incredible, as it had the right to do as the finder of fact. **King**, 271 A.3d at 443.

For these reasons, we affirm the PCRA court's order denying relief to Appellant.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 3/28/2023